### HENRY FURNAS *vs.* EDMUND DURGIN.

Suffolk.    Nov. 11, 1875. — Feb. 29, 1876.    ENDICOTT & LORD, JJ., absent.

An entry upon a mortgaged estate, upon breach of condition, for foreclosure, is, without actual ouster, an eviction for which a warrantee can recover upon his covenant.

The certificate of an entry upon a mortgaged estate to foreclose the mortgage under the Gen. Sts. *c.* 140, § 2, duly recorded, is sufficient evidence of eviction to sustain an action for a breach of a covenant of warranty.

Upon an action for breach of covenant of warranty upon the eviction of the warrantee by an entry of the mortgagee for foreclosure, the measure of damages is the amount of the mortgage debt and interest, if that is less than the full value of the estate.

The acceptance by a grantee of a deed of land containing a clause stating that it is subject to a mortgage "which the grantee hereby assumes and agrees to pay with the interest now due thereon," constitutes a contract by the grantee not merely to indemnify the grantor, but to pay the debt, if it be the debt of the grantor.

A promise to pay the debt of the promisee, no time being specified, is a promise to pay it when due, or forthwith if it is already due.

Upon an action upon a promise to pay a debt of the promisee brought after it is due, but before any payment by the promisee, the measure of the damages is the amount of the debt and interest.

Upon an action of contract against a grantor for a breach of the covenant of warranty in a deed which contained a release by his wife of her right of dower and homestead, there was evidence that the deed was signed by the wife before the description of the land or any other writing had been made in the deed, and that she never saw it afterward, and did not redeliver it after the description and the other parts had been written in. *Held*, that this did not invalidate the deed as against the grantor.

Upon an action of contract for a breach of warranty in a deed by the defendant to the plaintiff of land in W. R., and the non-payment of a mortgage debt of the plaintiff as stipulated in a deed of the plaintiff to the defendant, of land in H. P., it appeared that the parties had bargained to exchange the land in H. P., and land in B. belonging to the plaintiff, for the land in W. R. belonging to the defendant. The execution of this exchange was disputed by the defendant. The plaintiff introduced his deed to the defendant of the land in B., and was permitted, against the defendant's objection, to put in an agreement signed by the defendant, and dated two days after the latter deed, whereby the defendant agreed to convey to the plaintiff the same land in B. *Held*, that the paper, as evidence that the defendant, after the date when the plaintiff contended that the deeds were delivered, had treated the land in B. as his own, tended to show that the bargain had been carried out.

CONTRACT in several counts, some for breach of a covenant of warranty in a deed from the defendant to the plaintiff, and others for breach of an agreement to pay mortgages subsisting upon an estate conveyed by the plaintiff to the defendant. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

The defendant by his deed dated August 19, 1872, conveyed to the plaintiff in fee simple a parcel of land in West Roxbury, with the following covenants : "And I do hereby, for myself and my heirs, executors and administrators, covenant with the said grantee and his heirs and assigns, that I am lawfully seised in fee simple of the granted premises ; that they are free from all incumbrances except a mortgage from M. E. Bowe to F. D. Osgood, for three hundred and fifty dollars and interest ; that I have good right to sell and convey the same as aforesaid ; and that I will, and my heirs, executors and administrators shall, warrant and

defend the same to the said grantee and his heirs and assigns forever, against the lawful claims and demands of all persons."

This deed also contained a release by the defendant's wife of her right of dower and homestead in the usual form.

The breaches of covenants alleged in the declaration were that besides the mortgage mentioned in the deed the land was subject to a mortgage made by Michael E. Bowe, a former owner, to Freeman D. Osgood, for $3000, with interest at 8 per cent., payable in one year, dated June 1, 1871, and duly recorded; that this mortgage had been duly assigned to Betsy J. Pope, who had entered upon the land for possession for breach of the condition of the mortgage and to foreclose; and that the plaintiff had thereby lost possession. The plaintiff introduced in evidence the above mentioned deed and mortgage, the assignment of the mortgage by Osgood to Pope, dated July 6, 1871, duly recorded, and a certificate of entry under the statute to foreclose the same, dated December 9, 1872, and duly recorded. It appeared that no payment had been made upon the mortgage from the date thereof to its assignment; also that in March, 1873, the defendant made an offer to the attorney of Pope to redeem the mortgage; but nothing further was shown as to payment or amount due except to reduce the consideration of the assignment, and to reduce the claim made by the plaintiff.

The plaintiff by his deed dated August 19, 1872, duly acknowledged and recorded, conveyed to the defendant a parcel of land in Hyde Park, " subject to mortgages amounting to $6500, which the grantee hereby assumes and agrees to pay, and all interest now due on existing mortgages on said property, together with the taxes due on the same." Among these mortgages was one for $1500, payable in one year, dated September 1, 1871, duly recorded, made by the plaintiff to George D. Cox, to secure the payment of the plaintiff's promissory note payable to the order of Cox, for the same amount and time, and of the same date. The note and mortgage were assigned by Cox to Joseph P. Paine, by deed of the same date, duly recorded.

The breach of contract alleged in the declaration was the non-payment of this note and mortgage. They were, with the assignment, put in evidence by the plaintiff.

The only evidence offered as to the payment or non-payment of said note and mortgage was the testimony of Mr. Kittredge, who testified that as attorney at law he called on the defendant in reference to this mortgage within three days after maturity of the note, and that the defendant said he would pay it in a few days, and that he went two or three times after and received the same answer.

The defendant introduced evidence tending to prove that he never gave or delivered the deed of the West Roxbury estate, and that it was obtained from his office by fraud and in his absence, and without his knowledge or consent; also evidence tending to prove that the plaintiff never delivered the deed of the Hyde Park estate to the defendant, and that said deed never was accepted by the defendant, and that the defendant refused to accept the deed with any clause in it whereby the defendant was to assume and pay any mortgages, and that the plaintiff caused said deed to be recorded without the knowledge or consent of the defendant. The plaintiff's testimony was to the contrary on all these points.

The defendant testified that the deed of the West Roxbury estate was signed by Lucretia D. Durgin, his wife, by his own procurement, before the description of the land or any other writing had been made in the deed, and that said Lucretia D. never saw it afterwards, and did not deliver it or redeliver it after said description and other writing had been written in said deed.

It appeared in evidence that the parties had bargained together to exchange the real estate aforesaid in Hyde Park, and an estate in Shawmut Avenue, Boston, both belonging to the plaintiff, for the real estate in West Roxbury, the property of defendant, and the plaintiff introduced the deed of said Shawmut Avenue estate from himself to defendant, dated August 19, 1872, and duly recorded. The plaintiff was allowed, against the objection of the defendant, although it was not alluded to in the declaration, to put in an agreement signed by the defendant, dated August 21, 1872, whereby he agreed to convey to the plaintiff the Shawmut Avenue estate, subject to the mortgages thereon, for $1500.

The defendant requested the judge to instruct the jury as follows :

" 1. If the jury believe upon all the evidence that Lucretia D. Durgin signed the deed of the estate in West Roxbury before the description of the property and the other written parts thereof were written in, and that there was no redelivery thereof by said Lucretia D., then the conveyance would be void.

" 2. If the jury are satisfied upon all the evidence that there was a good and legal delivery of the deed of the West Roxbury estate, and that there has been a breach of the covenants by defendant, then the measure of damages which the plaintiff would be entitled to recover would be the amount he had fairly paid to remove the incumbrance, and if he has paid nothing towards relieving the incumbrances he can recover only nominal damages.

" 3. If the jury are satisfied upon all the evidence that there was a good and legal delivery of the deed of the Hyde Park estate to the defendant and accepted by him after knowing its contents, and that the plaintiff is entitled to recover, the measure of damages would be the amount which plaintiff has paid to remove the incumbrance, and if he has paid nothing on said $1500, he would be entitled to recover only nominal damages."

The judge refused to give these instructions; but, after appropriate instructions as to what the plaintiff must prove, ruled that the measure of damages for breach of the agreement to assume and pay the mortgage on the Hyde Park estate would be the amount of the note and interest; and that the measure of damages for breach of warranty in reference to the West Roxbury estate would be the amount necessary to redeem the same, namely, the mortgage debt outstanding, including interest.

The jury returned a verdict for the plaintiff, and assessed damages in the sum of $2740.30 ; and the defendant alleged exceptions.

*F. A. Perry*, for the defendant.

*H. N. Shepard*, for the plaintiff.

DEVENS, J. The plaintiff relies, to maintain his action, upon a breach by the defendant of the covenant of general warranty in the deed of the West Roxbury estate of the date of August 19, 1872, — this estate being at the time of its execution subject to a mortgage originally made to Michael E. Bowe, for the sum of $3000, and by intermediate assignments transferred to Betsy J. Pope, — and further upon an eviction by Mrs. Pope, who on De-

cember 29, 1872, made an entry upon the premises in order to foreclose the said mortgage.

The certificate of entry produced at the trial is made by the statute evidence of the fact of such entry. Gen. Sts. *c.* 140, § 2. *Oakham* v. *Rutland*, 4 Cush. 172. *Thompson* v. *Kenyon*, 100 Mass. 108. There was no other evidence of eviction or of any actual ouster of the plaintiff from the occupancy of the premises, and the defendant contends that this entry was not an eviction which will enable the plaintiff to recover upon his covenant of warranty. But that it is so is settled by the law of this Commonwealth. *Tufts* v. *Adams*, 8 Pick. 547.

In *White* v. *Whitney*, 3 Met. 81, 89, the facts, as stated in the opinion of the chief justice, are not distinguishable from those in the present case. The entry to foreclose was made under the provisions of the Rev. Sts. *c.* 107, §§ 1, 2, which do not vary from those of Gen. Sts. *c.* 140, and it was held that the "taking actual possession of the premises, by means of which the plaintiff was ousted," was a breach of the warranty. That case did not show, any more than the one before us, any actual ouster from occupancy of the holder of the equity of redemption, but from the time of such entry the legal possession was that of the mortgagee, whoever the occupant might be. Permitting the mortgagor to remain in occupancy during the three years, does not render the entry any less effectual for the purpose of foreclosure. *Ellis* v. *Drake*, 8 Allen, 161. *Fletcher* v. *Cary*, 103 Mass. 475. The argument that, if the covenantee upon such eviction may recover his full damages, he may keep them and not devote them to the payment of the mortgage debt, leaving the covenantor still personally liable thereon, is one of force; but it is equally true that if the covenantee cannot recover his full damages when a step is taken, which, if not arrested, must deprive him of his estate, he may lose it simply because by reason of the mortgage upon it he may be without the means of raising money upon his only security. The covenantor can avoid this difficulty by doing what he ought, namely, paying the debt at any time before judgment, thus reducing the damages to those merely nominal.

The rule of damages, as given by the court, was also correct. The general rule is that, where the grantee becomes seised, the estate having passed by force of the conveyance, and is after-

wards evicted by a paramount title, the value of the estate at the time of eviction is the measure of damages. *Gore* v. *Brazier*, 3 Mass. 523, 543. *Norton* v. *Babcock*, 2 Met. 510. It has been held, however, in favor of the covenantor, that when the mortgage is less than the value of the land, and it would be plainly for the interest of the holder of the equity of redemption to redeem, the covenantee on such eviction shall recover only the amount of the mortgage, with interest, and not the full value of the estate. *Tufts* v. *Adams, ubi supra. White* v. *Whitney, ubi supra.*

The plaintiff also claimed to recover of the defendant for breach of the agreement in the deed of the Hyde Park estate to the defendant, which was accepted by the defendant, and contained this clause : " Subject to mortgages amounting to $6500, which the grantee hereby assumes and agrees to pay, and all interest now due on existing mortgages on said property, together with the taxes due on the same."

For the debt secured by the mortgage the plaintiff was liable, and the question presented is whether the plaintiff is entitled to recover nominal damages only, as contended by the defendant, or whether he may recover the amount of a mortgage upon the estate of $1500, with interest, which neither party has paid. The precise question involved here was raised in *Brewer* v. *Worthington*, 10 Allen, 329, but it was not there necessary to decide it. If the agreement is to be treated as one merely to indemnify the plaintiff against any loss or damage by reason of this mortgage, it would be necessary to show that he had been in some measure damnified thereby. *Little* v. *Little*, 13 Pick. 426. But there is no reason why an agreement may not be made which shall bind the party so contracting to pay the debt which another owes, and thus relieve him or his estate from it, and, if the promise thus made is not kept, why the promisee should not recover a sum sufficient to enable him so to do. Such is the construction to be given to the agreement in the case before us. As a consideration for the property conveyed to him, the plaintiff conveyed the Hyde Park estate to the defendant, who contracted not to indemnify the plaintiff against, but to pay the mortgages upon it, and, if he has failed to do this, the plaintiff should be entitled to recover the amount which the defendant thus agreed

to pay.  It is a portion of the consideration money due the plaintiff, which he was to receive by payment of a debt for which he was liable, which he thus recovers, when the defendant fails to perform his promise.  That the plaintiff should be kept subject to a debt from which the defendant agreed to relieve him is a continuing injury for which a sum of money which will enable him to discharge it is an appropriate remedy in damages.

That a promise to pay a debt due from the promisee, even where it has not been paid by him, is one upon which an action may be maintained and damages recovered to the amount of such debt, is held by many authorities.  *Holmes* v. *Rhodes*, 1 B. & P. 638.  *Cutler* v. *Southern*, 1 Saund. 116, Wms.' note.  *Toussaint* v. *Martinnant*, 2 T. R. 100. · *Martin* v. *Court*, 2. T. R. 640. *Hodgson* v. *Bell*, 7 T. R. 97.  *Thomas* v. *Allen*, 1 Hill, 145. *Loosemore* v. *Radford*, 9 M. & W. 657.  *Penny* v. *Foy*, 8 B. & C. 11.  In *Lethbridge* v. *Mytton*, 2 B. & Ad. 772, the defendant, by a settlement made upon his marriage, conveyed an estate upon certain trusts, and covenanted with the trustees to pay off incumbrances on the estate to the amount of £19,000, within a year, and it was held, upon his failure to do so, that the trustees were entitled to recover the whole £19,000 in an action of covenant, although no payment had been made by them, and no special damage was laid or proved.  Whether the contracts in some of these cases were anything more than contracts of indemnity, and therefore whether there could under our decisions have been any recovery, might perhaps be questioned.  *Cushing* v. *Gore*, 15 Mass. 69.  *Little* v. *Little, ubi supra.*  That, however, need not now be considered, as we treat the agreement before us as one not for indemnity merely, but for payment.  Nor is it important that the cases above cited are those in which the promisor agreed to pay on a particular day, or within a specified time. That cannot affect their application.  An agreement to pay a debt, no time being specified, is an agreement to pay it when due, or forthwith, if it be already due.  Here it appears that the promise was made on August 19, 1872, that the mortgage debt which the defendant was to assume and pay became due on September 1, 1872, and that the action was brought on March 10, 1873.  That an action may be brought upon a promise to pay a debt due from the promisee, and, although he has not paid the same, full dam-

ages recovered, is recognized clearly by the case of *Goodwin* v.
*Gilbert*, 9 Mass. 510. The question is not there discussed in the
opinion of the court, which treats another inquiry as the only one
important in the case, but, having disposed of that in favor of the
plaintiffs, judgment was rendered for the full sum.

There is an embarrassment undoubtedly where the agreement
is to pay a debt due from the promisor as well as the promisee.
It is similar to that heretofore considered, where there is an evic-
tion by one holding a mortgage title, and the covenantee is al-
lowed to recover in damages the amount of the mortgage upon
which the covenantor is personally liable. As the Hyde Park
estate, now the property of the defendant, is charged with the
payment of the mortgage debt, if the plaintiff should not devote
the sum recovered by him to its payment, the defendant might
hereafter, in order to relieve his property, be compelled to pay
the amount a second time. There is no mode, at law, by which
this difficulty can be avoided, and the plaintiff enabled to receive
the benefit of his contract. *Loosemore* v. *Radford, ubi supra.*
Perhaps in equity, where a proper case for its interference was
shown, a remedy would be afforded, that would secure the party
paying under such circumstances from having the payment made
by him devoted to any other object than that which would relieve
him or his estate from further responsibility. However this may
be, the want of elasticity in the forms of the common law, which
does not enable us to make such a decree here as would guard
the rights of all parties, should not prevent us from giving to the
plaintiff the benefit of the contract which he has made, or compel
him to remain subject to the burden of the debt, which the de-
fendant has agreed to extinguish. As was suggested upon the
other part of the case, the defendant may, if he will, perform his
agreement and pay the debt at any time before final judgment,
and the damages then to be recovered will be nominal only.

The other exceptions argued by defendant may be briefly dis-
posed of.

Whether the bargain, which there was evidence tending to
show had been made for an exchange of certain real estate in
Hyde Park and a house on Shawmut Avenue, both owned by
the plaintiff, for an estate in West Roxbury, owned by the defend-
ant, had ever been carried out and the deeds delivered was a mat-

ter in dispute at the trial, and evidence that, after the date when the plaintiff claimed the deeds to have been delivered, the defendant had treated the estate on Shawmut Avenue as his own, legitimately tended to show that such bargain had been actually completed, although the suit brought by the plaintiff did not relate to an alleged breach of covenant as to. that estate.

There was evidence that the signature of Lucretia D. Durgin, wife of the defendant, who released thereby her right of dower and of homestead in the West Roxbury estate, had been made before any description had been written in the deed, and that she never saw it and did not redeliver it afterwards. But even if this would render the deed invalid as to her, it would not relieve the defendant from the covenants in the deed which bound him only.                              *Exceptions overruled.*