## LOUISA WATERS AND HUSBAND *v.* ANNA G. BOSSEL.

1. MORTGAGE.   *Foreclosure by junior mortgagee and grantor.   Stipulations by grantee.   Rights of senior mortgagee.*

   B., owning several lots of land encumbered with a mortgage to A. for $3,000, due by the promissory notes of B., conveyed the same to W. for $10,000, of which $4,000 were paid in cash.   The deed, which was signed and acknowledged by W. as well as by B., contained a stipulation binding W. " to pay the sum of $3,000 in place and stead of B., by paying at maturity " the notes held by A.   And the deed further recited that, "in liquidation of the balance of $3,000 " of purchase-money, W. had granted to B. an annuity or annual rent-charge of $300, to issue out of the land, to be held for and during her life, and to be payable in instalments of $25 per month thereafter.   A special mortgage was reserved in the deed to secure the payment of the unpaid purchase-money, and the performance of the agreements and promises therein contained.   Some years after this transaction B. filed a bill in chancery against W., alleging a failure of the latter to pay the debt to A. and the annuity to the complainant, praying for an account of the amounts due, and for a sale of the land to satisfy the same.   W. answered, denying any failure to pay the annuity, and stating that the interest on the debt to A. had been fully and regularly paid, and that he was satisfied for payment of the principal to be deferred.   A decree was rendered against W. for the amount found due on the debt to A., and for the $3,000 of purchase-money in liquidation of which the annuity was granted, with interest after default in payment of the annuity, less the payments made on that account; and the sum of these amounts W. was required to pay to B., or, in default thereof, the direction was that the land should be sold to pay the same, subject to the mortgage of A.   From this decree W. appealed.   *Held,* that the decree was erroneous in requiring W. to pay to B. the amount due A., leaving his demand unsatisfied and the mortgage still a lien on the property.   But the complainant is entitled to foreclose her mortgage upon the equity of redemption sold W., to enforce payment of what may be due her, or to enforce payment of that amount and also the debt due A.; but if she pursues the latter course, a sufficiency of the money realized to satisfy the debt to A. must be paid to him, though his mortgage will not be thereby discharged, but will become a security to B. for the payment of her annuity.

2. SAME.   *For annuity.   In consideration of purchase-money.   Contract enforced.*

   The decree in the case above stated was erroneous in allowing the complainant to recover as a part of the purchase-money due on the land the $3,000 in liquidation of which the annuity was granted, with interest after default in payment of the annuity, less the sum of the payments which had been made on account of the annuity.   The annuity was granted by W. in consideration of the $3,000 of purchase-money due B.; and, under the contract, the latter is entitled to receive only the instalments of $25 per month during her lifetime; and whether the sum thereof shall exceed or fall short of the $3,000 of purchase-money and interest will be owing to the length of her life.   B. has

the right, by foreclosure of her mortgage, to enforce payment of her annuity according to the contract, but cannot repudiate it and treat the $3,000 consideration thereof as a balance of purchase-money unpaid.

3. SAME. *Foreclosure by junior mortgagee. Practice as to making senior mortgagee a party.*

In the case above stated it is admissible to make the mortgagee A. a defendant, in order that he may be put to his election whether he will consent to a sale of the whole estate in the land, and from the proceeds receive the amount due him, or will insist upon a sale subject to his mortgage.

APPEAL from the Chancery Court of Harrison County.

Hon. GEORGE WOOD, Chancellor.

The case is stated in the opinion of the court.

*W. P. & J. B. Harris,* for the appellants.

We insist that both parties, by the bill and the answer, seek to abide by the deed and its covenants. The parties submit themselves to be bound by the deed. Neither can claim by it and against it. By the deed, Mrs. Waters binds herself to pay to Amare his debt, and grants a rent-charge for life to Mrs. Bossel — an annual payment of $300, in monthly payments. There is no contract to pay Mrs. Bossel the $3,000 due to Amare. That amount of the purchase-money is impressed with a trust in favor of Amare, and a payment of the amount to Mrs. Bossel would violate the trust, and not relieve Mrs. Waters from the debt nor disencumber the land.

The covenant to pay Amare enures to his benefit, although not a party to the deed. Such covenants give a right of action at law in favor of the creditor whose debt is covenanted to be paid, and creates a trust which may be enforced by him in equity. *Lee* v. *Newman,* 55 Miss. 365. And see the American doctrine, 1 Chitty on Con. 75, 76, note.

The lien or equitable mortgage follows this covenant. The purchase-money thus agreed to be paid to Amare ceases to be the property of the grantor. It would be a plain breach of trust to pay this part of the purchase-money to Mrs. Bossel. The effect of the deed and its covenants is to constitute the grantee the principal debtor, and the grantor a surety as between them; and where the creditor accepts the grantee as paymaster,

and deals with him as such, by adjusting the rate of interest and giving time for payment, the grantor is a surety as to him. 1 Jones on Mort. 741, 742. In the case of *Tripp* v. *Vincent*, 3 Barb. Ch. 613, the liability of the grantor is held to be secondary.

In this State the doctrine has been well settled that one occupying the position of surety can only enforce his claim to the extent he has been compelled to pay. *McLean* v. *Ragsdale*, 31 Miss. 701; *Taylor* v. *Rucks*, 49 Miss. 566. In the class of cases to which this belongs, the character of suretyship is imported by the contract in all its completeness and scope. *Calvo* v. *Davies*, 8 Hun, 222. The grantee makes the debt his own. 37 Iowa, 237.

*C. H. Wood*, for the appellee.

It is urged that the decree below is wrong in ordering the sale of the premises for the $3,000 mortgage debt of Amare, and interest on the same. A part of the purchase-money — $3,000 — was to be paid by Mrs. Waters to Amare; $2,000 of this $3,000 was due and payable on the 1st of October, 1874; the other $1,000 was due the 19th of October, 1877. The Statute of Limitations would have barred the $2,000 on the 1st of October, 1880, and Mrs. Waters could then defeat the mortgage debt of Amare to the amount of $2,000. Amare never released Mrs. Bossel from her personal obligation to pay these two mortgage-notes of Amare. He had a right to pursue his legal remedy against Mrs. Bossel personally, and not foreclose at all. If Mrs. Bossel allows the six years to bar the $2,000 on the first note, and $1,000 on the second, she cannot force Mrs. Waters to pay the $3,000, part of the consideration of the conveyance. Amare was not a necessary party to the bill. 2 Jones on Mort., sect. 1439.

No personal liability was undertaken between Mrs. Waters and Amare, that can be seen by the record, except in the answer, which avers that Mrs. Waters paid the interest and Amare said he did not want the principal.

The conditions of a sale cannot be verbally contradicted.

1 Sugden on Vend. 32.    Parol proof of a consideration differ-
ent from that stated in the deed is inadmissible.    *Wren v.
Hoffman*, 41 Miss. 616.

Under the deed from Mrs. Bossel to Mrs. Waters, a part of
the consideration was that Mrs. Waters was to pay the $3,000
mortgage debt of Amare.    He has never released Mrs. Bossel
from the debt, and I think she has a right to come into a court
of equity and enforce the payment of this part of the consid-
eration, especially when Amare still holds her personally liable.

COOPER, J., delivered the opinion of the court.

Mrs. Bossel was the owner of several lots of land in the
town of Biloxi, subject to two mortgages, one of which was
made in 1873, to secure the payment of a note of $2,000 due
by her to F. Amare ; the other, made in 1875, to secure the
payment of a note of $1,000 due by her to said Amare.
On the nineteenth day of March, 1876, she sold and conveyed
said lots to the appellant Louisa Waters, for the sum of
$10,000.    Of the purchase-money, $4,000 was paid in cash.
No note was given for the unpaid balance, but the deed of
conveyance by Mrs. Bossel, which was also signed and
acknowledged by Mrs. Waters, contained the following stipu-
lations : —

"In deduction also of the above consideration-price, the
said Louisa Waters, the purchaser, with the consent of her
husband, does hereby promise and agree, and by these pres-
ents binds herself, to pay the sum of three thousand dollars in
place and instead of the said Mrs. Bossel, by paying, at their
respective maturity, the following described promissory notes."
The notes to Amare are then fully described, as are also the
mortgages securing their payment.    "And in liquidation of
the balance of three thousand dollars, the said Mrs. Waters,
the purchaser, has given, granted, confirmed, and constituted,
and by these presents does give, grant, confirm, and constitute,
unto the said Mrs. Anna G. Bossel, and she accepting the
same, one annuity or yearly rent-charge of three hundred dol-

lars, to be received, taken, had, and issuing out of said prop-
erty, to have and to hold the said annuity or yearly rent-charge
of three hundred dollars unto the said Anna G. Bossel, for
and during the natural life of the said Anna G. Bossel, payable
and to be paid monthly, at the rate of twenty-five dollars per
month, to commence on the first day of March, 1876."

A special mortgage is retained in the conveyance to secure
the payment of the purchase-money, and for all the promises
and agreements therein set forth.

On the seventh day of January, A. D. 1880, Mrs. Bossel
filed the bill in this cause against Mrs. Waters and her hus-
band, charging that Mrs. Waters had failed and refused to pay
the notes due to Amare, and had refused to pay the sums of
$25 per month reserved to complainant. The prayer of the
bill is for an account of the amounts due on the notes to
Amare, and of the sums due complainant, and for a decree
for the sale of the lands for the payment thereof.

The defendants, answering, admit that the notes held by
Amare have not been paid, but state that all interest due on
them has been from time to time paid; that the mortgagee,
being satisfied with his security, was willing to permit the time
for payment of the notes to be extended; and they further
state that all amounts due to complainant on account of the
monthly payments have been promptly paid.

On hearing, the chancellor referred the cause to a commis-
sioner, with instructions to take and state an account of the
amount of principal and interest due Amare, and allow the
same. The chancellor found that the monthly payments due
to complainant had been made up to April 1, 1879, amount-
ing to $1,200. This sum he directed the commissioner to deduct
from $3,000, " the amount agreed to be paid in annuities,"
and on the balance — viz., $1,800 — to allow interest at six per
cent per annum from April 1, 1879. The commissioner having
reported that by such accounting there was due the sum of
$5,130.46, the report was confirmed and a final decree made
directing the payment of this sum to Mrs. Bossel, and in

default of payment, directing the sale of the land subject to the mortgages of Amare. From this decree Mrs. Waters and her husband appealed. It is argued by counsel for appellants that by reason of the covenant of Mrs. Waters she became, as to the appellee, the principal debtor to the mortgage creditor, appellee being her surety ; that the contract from the principal to the surety is one of indemnity, and, therefore, as appellee has not paid the debt, no right of action has accrued to her. To this we deem it sufficient to reply that appellee is more than a mere surety. She has conveyed property to Mrs. Waters, in consideration of which the latter has assumed the payment of the debt, and a mortgage is expressly retained in the conveyance to secure the performance of the purchaser's contract. This mortgage she is certainly entitled to foreclose. The chancellor, however, erred in directing the payment to complainant of the amount due to Amare, the mortgagee. It is unnecessary to consider what recovery could be had at law by the grantor in the conveyance, under the facts disclosed, if the grantee had been *sui juris* at the time of the purchase. There are many authorities which hold that the full amount agreed to be paid to the mortgagee could be recovered, and we are satisfied the chancellor was controlled by them in the decision of this cause. *Furnas* v. *Durgin*, 119 Mass. 500, and authorities there cited.

The reasons why such judgments are rendered at law are not applicable to proceedings in equity, in which, because of the machinery of the court and the flexibility of its decrees, exact justice may be done to all parties. These proceedings are not like an action at law to recover damages for the breach of the covenants. While called a suit to foreclose a mortgage, they partake largely of the character of a bill for the specific performance of the contract. Complainant is entitled to compel the payment of the amount due the mortgagee, both for the purpose of freeing herself from liability on the notes and of releasing the equity of redemption conveyed by her to Mrs. Waters, on which she has a lien for the payment of her annuity from

the mortgage; but she ought not to be permitted to foreclose her mortgage to enforce the payment of the mortgage debt due to Amare, and then to withhold the money so collected, leaving the debt unpaid and the mortgage still a lien on the property.

It would have been admissible, under the circumstances of this case, for complainant to have made the mortgage creditor a party defendant to the bill, in order that he might have been put to his election whether he would consent to the sale of the whole estate in the lands, and from the proceeds receive the sum due him, or would insist upon a sale subject to his mortgage. *Wickenden* v. *Royson*, 6 De G. M. & G. 210. When the cause is remanded, she will be permitted to amend her bill so as to make the mortgagee a party. If she declines so to do, or if the mortgagee shall refuse to consent to a sale, complainant may either foreclose her mortgage upon the equity of redemption sold by her to Mrs. Waters, for the purpose of collecting what may be due to her, or she may foreclose both for this purpose and to enforce the payment of the mortgage debt due Amare. In the latter event, while an amount arising from the sale sufficient to pay the Amare debt will be paid to him, the effect will not be to discharge the mortgage held by him, but this mortgage will be impressed with the same equity in favor of complainant, to secure the payment of the annuities to her, as was the fund appropriated to its payment.

The chancellor also erred in directing the account to be taken so as to allow complainant to recover the sum of $3,000, less the amounts which had been from time to time paid to her in monthly instalments. It is true, the deed recites this $3,000 to be a part of the unpaid purchase-money, but by a subsequent clause in the deed it in turn becomes the consideration of Mrs. Waters' agreement to pay to Mrs. Bossel $25 per month during her life. Instead of enforcing the contract as to these payments, the decree in effect dissolves it and decrees *its consideration* to be paid. Mrs. Bossel's rights are limited by the contract. If she lives a few years she will be entitled to

receive more than $3,000; if she dies within a short time, the amount to be paid her may be much less.

The decree is reversed and cause remanded, to be proceeded with in accordance with the views herein expressed.