SILAS L. STICHTER v. A. W. COX, ADMINISTRATOR.

FILED NOVEMBER 4, 1897. No. 7503.

1. **Executors and Administrators:** CLAIMS: LACHES. Provable claims against an estate of a deceased person are barred unless presented to the county court for allowance within the time provided by law.

2. ———: CONTINGENT CLAIMS. A contingent claim, within the meaning of section 258 *et seq.* of chapter 23, Compiled Statutes, is a

claim against a decedent not absolute or certain, but depending upon some event after the death of the testator or intestate, which may or may not happen.

3. ———: ———. A subsisting demand against an estate of a deceased person which had matured and was capable of being enforced at law during the lifetime of the decedent, is not a contingent claim.

4. Mortgages: SALE OF REALTY: ASSUMPTION OF DEBT: ACTION BY GRANTOR. When a grantee of real estate, as part of the consideration for the purchase, assumes and agrees in the deed to pay a certain mortgage on the premises, he is liable for the mortgage debt, and the grantor, immediately upon the maturity of the mortgage, may recover from the grantee the amount due thereon, though the grantor may have paid no part of it.

5. Change of Issues on Appeal: EXCEPTIONS: REVIEW. An objection that a cause was tried in the district court on appeal upon different issues from those involved in the court whence the appeal was taken, is unavailing in the supreme court, unless seasonably raised in the court below, a ruling obtained thereon, and an exception thereto preserved in the record.

ERROR from the district court of Adams county.   Tried below before BEALL, J.   *Affirmed.*

*Tibbets, Morey & Ferris,* for plaintiff in error.

*Batty, Dungan & Burton, contra.*

NORVAL, J.

Silas L. Stichter presented to the county court of Adams county a claim against the estate of Abraham Yeazel, deceased.   The administrator filed objections against the allowance thereof, and upon the trial the county court allowed the claim in full.   The administrator prosecuted an appeal to the district court, where there was a trial without a jury, which resulted in the rejection and disallowance of the entire claim.

The facts may be summarized thus: On the 30th day of September, 1887, Silas L. Stichter executed a mortgage to one William M. Wilson upon certain real estate in Adams county to secure the payment of $3,750 due October 1, 1890, and drawing six per cent interest per annum from date; and on the 18th day of November, 1889, Stich-

ter and wife conveyed the land to Abraham Yeazel by deed of general warranty, subject to said mortgage. In the deed of conveyance the grantee assumed and agreed to pay the mortgage. On the 18th day of November, 1890, which was subsequent to the maturity of the debt secured by the mortgage, Abraham Yeazel died. Letters of administration were afterwards granted upon his estate, and August 28, 1891, was fixed by the county court for the presentation of claims, and notice thereof was published as required by law. On August 5, 1891, Wilson instituted an action to foreclose the mortgage. A decree of foreclosure was subsequently rendered, the mortgaged premises were sold, and on November 14, 1892, Wilson obtained a deficiency judgment against said Silas L. Stichter in the sum of $2,456.83. Thereupon the latter, in satisfaction of said judgment, executed and delivered to Wilson his promissory note for the amount of said deficiency judgment, and on November 16, 1892, Stichter filed his claim against the estate of Yeazel for said sum of $2,456.83. The contention of counsel for the administrator is that this claim was not filed in the county court in the time prescribed by law, and accordingly is barred. This proposition is assailed by opposing counsel, and the court is called upon to decide whether the claim was presented to the county court in time. The determination of the question necessitates an examination of certain provisions of chapter 23 of the Compiled Statutes.

Section 217 of said chapter provides: "The probate court shall allow such time as the circumstance of the case shall require for the creditors to present their claims to the commissioners for examination and allowance, which time shall not, in the first instance, exceed eighteen months, nor be less than six months, and the time allowed shall be stated in the commission.

"Section 226. Every person having a claim against a deceased person proper to be allowed by the judge or commissioners who shall not, after the giving of notice as required in the two hundred and fourteenth section of

this chapter, exhibit his claim to the judge or commissioners within the time limited by the court for that purpose, shall be forever barred from recovering such demand or from setting off the same in any action whatever."

As already disclosed, the county court of Adams county, in accordance with the statute, fixed a date for the presenting of claims against the estate of Abraham Yeazel, deceased; and the claim here in dispute was not presented to, nor filed with, the county judge within the period so designated for that purpose. If the provisions of said chapter 23 already quoted govern and control claims like the one under consideration, it is patent that said claim is barred by virtue of said section 226. It is insisted by counsel for the claimant that the claim was a contingent one against the estate, and afterwards became absolute; therefore sections 258 et seq. of said chapter 23 are applicable thereto.

Section 258 declares: "If any person shall be liable as security for the deceased, or have any other contingent claim against his estate which cannot be proved as a debt before the commissioners, or allowed by them, the same may be presented, with the proper proof, to the probate court or to the commissioners, who shall state the same in their report if such claim was presented to them."

Section 259 makes provision for the retaining of funds by the executor or administrator to pay such contingent claim when the same shall have become absolute.

Sections 260 and 262 are in the following language:

"Sec. 260. If such contingent claim shall become absolute, and shall be presented to the probate court, or to the executor or administrator, at any time within two years from the time limited for other creditors to present their claims to the commissioners, it may be allowed by the probate court upon due proof, or it may be proved before the commissioners already appointed or before others to be appointed for that purpose, in the same manner as if presented for allowance before the commission-

ers had made their report; and the persons interested shall have the same right of appeal as in other cases.

"Sec. 262. If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the probate court and prove the same at any time within one year after it shall accrue or become absolute." * * *

The legislature by these last two sections has made provision for filing of claims against the estate of a deceased person which were once contingent, but have become absolute, and also fixed the time in which the same shall be presented for allowance. These sections can properly be invoked in case this claim was ever a contingent liability against the estate of Yeazel, otherwise the debt is barred by virtue of section 226, quoted above.

We adopt as a correct definition of a contingent claim the following language of Chief Justice Poland, in his opinion in *Sargent v. Kimball*, 37 Vt., 321: "A contingent claim is where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there ever will be a liability." A contingent claim within the meaning of section 258 *et seq.* of chapter 23 of the Compiled Statutes is evidently a demand or debt against the estate of a deceased person which is not then absolute or certain, but depending upon the occurrence or non-occurrence of some event after the death of the testator or intestate, as the case may be.

In the light of the foregoing, it is perfectly manifest that this claim was at no time a contingent debt or liability against Yeazel's estate. No demand could have been more absolute than the one under consideration. Yeazel, in the deed to himself, assumed and agreed to pay the mortgage given by Stichter to Wilson upon the premises described in the conveyance to Yeazel. The obligation thus assumed by the latter was to pay the debt, and not merely to indemnify Stichter against any loss or dam-

age by reason of the mortgage. When was the grantee to make such payment? Immediately upon the maturity of the debt which the mortgage secured. (*Furnas v. Durgin*, 119 Mass., 500; *Gage v. Lewis*, 68 Ill., 604; *Rawson's Administratrix v. Copland*, 2 Sandf. Ch. [N. Y.], 278.) If the claim of Stichter against Yeazel was ever a contingent claim, it ceased to be such upon the maturity of the mortgage debt; thereafter the claim was clearly absolute, and not contingent. After the mortgage matured the liability of Yeazel to pay Stichter did not depend upon the happening of any future event, not even the payment of the mortgage by Stichter.

In *Gregory v. Hartley*, 6 Neb., 361, it is said: "The rule is well settled that if a condition or promise be only to indemnify and save harmless a party from some consequence, no action can be maintained until actual damage has been sustained by the plaintiff. But if the promise is to perform some act for the plaintiff's benefit, the neglect to perform the act is a breach of the contract, and will give an immediate right of action.   *   *   * The rule of law will not be questioned that when a purchaser of real estate agrees to assume and pay certain outstanding indebtedness against the vendor, and save him harmless from the same, if he fail to do so, it is not necessary, in order to give the vendor a right of action against him, he should himself have first paid the debt the purchaser assumed and agreed to pay." Had the contract entered into by Yeazel been to indemnify the grantor merely, then the latter must have shown damages to entitle him to recover; but such was not the undertaking of Yeazel. He promised to pay the mortgage debt and it was not necessary for Stichter to prove damages to entitle him to recover, and the measure of damage is the amount agreed to be paid. Yeazel, by not paying off the mortgage, has broken his contract, and to the amount of the mortgage debt the grantor has not received the stipulated consideration for the land. He is entitled to recover the same himself by reason of the failure of the grantee to perform his promise.

The doctrine that, by virtue of the clause in the deed whereby Yeazel assumed the mortgage to Wilson, a right of action accrued in favor of the grantor and against Yeazel for the amount unpaid on the mortgage debt at its maturity, although the grantor had not himself paid any part of the debt which Yeazel assumed and agreed to pay, is abundantly sustained by the authorities. (See *Stout v. Folger*, 34 Ia., 71; *Rubens v. Prindle*, 44 Barb. [N. Y.], 336; *Wilson v. Stilwell*, 9 O. St., 467; *Rawson v. Copland*, 2 Sandf. Ch. [N.Y.], 278; *Furnas v. Durgin*, 119 Mass., 500; *Locke v. Homer*, 131 Mass., 93; *Farnsworth v. Boardman*, 131 Mass., 115; *Reed v. Paul*, 131 Mass., 129; *Gage v. Lewis*, 68 Ill., 604; *Churchill v. Hunt*, 3 Denio [N. Y.], 321; *Thomas v. Allen*, 1 Hill [N. Y.], 145; *Jones v. Parks*, 78 Ind., 537.) We are not aware of any case which holds a contrary doctrine.

In a sense it is doubtless true that the relation of principal and surety existed between Yeazel and Stichter by reason of the former assuming the payment of the mortgage. Thus, had Stichter paid the mortgage debt he would have been subrogated to the rights of the mortgagee and could have held the lands for reimbursement. But it does not follow that Stichter could not maintain an action for a breach of Yeazel's absolute and positive covenant to pay the mortgage at a time certain. The grantee, having failed to make the payment as agreed, at once became liable to his grantor for the full amount due on the mortgage as the unpaid portion of the consideration for the land. (See authorities cited above.)

It is undisputed that the mortgage debt which Yeazel assumed and promised to pay matured more than a month prior to his death, and that it remained unpaid; therefore Stichter could have maintained an action against Yeazel on this claim in the lifetime of the intestate. It follows that the claim should have been presented for allowance to the county court within the period fixed by the judge thereof for the filing of claims. This not having been done, the claim is barred.

Another ground urged for a reversal of the judgment is that, the administrator having filed no answer in the county court and adduced no testimony therein, the district court erred in permitting him to interpose as a defense the bar of the statute. More than one answer can be properly made to this contention. There is no provision of statute requiring an administrator to plead in the county court to a claim presented therein against his intestate, except section 221, chapter 23, Compiled Statutes, makes it his duty to exhibit any claim of the decedent in offset to that of the creditor. In this case, however, the administrator did file in the county court formal objections to the allowance of this claim, and in the district court, in his answer, he specially pleaded the statute of limitations. The claimant did not move to strike this defense from the answer, nor did he in any other manner present the question to the trial court that the issues raised by the answer were different from those in the county court, obtain a ruling thereon, and preserve an exception thereto in the record. This was indispensable to make available here the objection that there was a variance in the issues. (*Robertson v. Buffalo County Nat. Bank*, 40 Neb., 239.) The judgment is

AFFIRMED.

RAGAN, C., not sitting.