No. 19,516.

LOUISA J. MORLAN, *Appellee,* v. PAUL J. LOCH, *Appellant.*

SYLLABUS BY THE COURT.

DEED—*Assumption of Mortgage—Liability of Grantee.* A mortgagor, who sells mortgaged real property to one who assumes and agrees to pay the mortgage, may maintain an action against such grantee to recover the amount left unpaid after a sale of the property on a foreclosure of the mortgage, and judgment against the mortgagor for the deficiency, without paying the judgment.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed June 12, 1915. Affirmed.

*Edgar Bennett,* and *Charles W. Clarke,* both of Washington, for the appellant.

*John C. Hartigan,* of Fairbury, Neb., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff owned real property in Jefferson county, Nebraska, mortgaged it to the State Saving and Loan Association, of Beatrice, for $700, and afterwards sold the land to the defendant, who assumed and agreed to pay the mortgage. It was not paid and was foreclosed. The land was sold, and a deficiency judgment was rendered against the plaintiff herein for $626.85. This has not been paid. The de-

fendant, Paul J. Loch, was a party to the foreclosure action, but service on him was by publication only. The plaintiff brings this action to recover the amount of the judgment rendered against her. A demurrer to the petition and a demurrer to the evidence were overruled. Judgment was rendered for the plaintiff, Louisa J. Morlan, for $626.85. The defendant, Paul J. Loch, appeals.

Can the plaintiff maintain this action before she has paid the judgment against her?

The defendant quotes part of the syllabus in *Stove Works v. Caswell,* 48 Kan. 689, 29 Pac. 1072, and relies on the principle there stated, as follows:

"Where property is sold, and the purchaser agrees to pay the consideration therefor, or a portion thereof, to a creditor of the vendor, the purchaser, as between himself and the vendor, becomes the principal debtor, and the vendor only a surety."

(See, also, *Bowling v. Garrett,* 49 Kan. 504, 520, 31 Pac. 135; *Mulvane v. Sedgley,* 63 Kan. 105, 64 Pac. 1038; *Fisher v. Spillman,* 85 Kan. 552, 118 Pac. 65; *Bank v. Livermore,* 90 Kan. 395, 402, 133 Pac. 734.)

There is nothing in this case to indicate that the mortgagee accepted the defendant, Paul J. Loch, as his debtor. What are the relations of the parties to this action, growing out of their contract? The plaintiff sold the defendant certain land. The defendant, as a part of his contract, agreed to pay a certain debt owed by the plaintiff. The fact that the debt was secured by a mortgage on the real estate conveyed makes no substantial difference. The mortgage debt was the debt of the plaintiff. The defendant did not pay the debt. Judgment was rendered against the plaintiff for the amount thereof. The defendant has not done the thing he contracted to do. He contracted to pay. He did not contract to indemnify nor to save harmless. The contract can be performed in but one way; that is, by payment. When he fails to pay, does the plaintiff,

without first paying the debt, have a right of action against him? The plaintiff's paying the debt was not a condition or a part of the contract. The plaintiff may be unable to pay the debt until the money has been collected by her from the defendant. The payment of this debt may save the plaintiff from insolvency. In the ordinary case of principal and surety the surety parts with nothing until he pays the debt for which he bound himself. Here the plaintiff parted with the land which the defendant received. We must conclude that the plaintiff has a right of action for the nonperformance of the contract, without having first paid the mortgage debt, or the judgment rendered thereon. This is in harmony with the great weight of authority. There are authorities to the contrary. In *Faulkner, Appellant, v. McHenry,* 235 Pa. St. 298, 83 Atl. 827, the court said:

"Any apparent want of harmony in the decisions as to the right of a party indemnified to recover without proof of loss by the payment of the debt or otherwise, disappears when the nature of the undertaking is considered and the distinction between an obligation to do a specified thing and one of indemnity against loss resulting from nonperformance is observed. Where the indemnity is against liability there is a right of recovery as soon as a liability is incurred; where it is against loss by reason of a liability there is no right of recovery until a loss occurs." (p. 300.)

The contract in the case at bar is a contract to pay, not a contract to indemnify. Especially in point is *Locke v. Homer,* 131 Mass. 93, 41 Am. Rep. 199. Other cases sustaining the conclusion reached by this court are: *Burbank v. Root,* 4 Colo. App. 197, 35 Pac. 275; *Foster v. Atwater,* 42 Conn. 244; *Stout v. Folger,* 34 Iowa, 71; *Baldwin v. Emery,* 89 Maine, 496, 36 Atl. 994; *Williams v. Fowle,* 132 Mass. 385; *Rice v. Sanders,* 152 Mass. 108, 24 N. E. 1079, 23 Am. St. Rep. 804; *Walton v. Ruggles,* 180 Mass. 24, 61 N. E. 267; *Stichter v. Cox,* 52 Neb. 532, 72 N. W. 848; *Adams v. Symon,*

6 N. Y. Supp. 652; *Wilson v. Stilwell,* 9 Ohio St. 467; *Callender v. Edmison et al.,* 8 S. Dak. 81; *Mills v. Dow,* 133 U. S. 423, 33 L. Ed. 717; 20 A. & E. Encycl. of L. 992; Note, 3 Ann. Cas. 481; 27 Cyc. 1359; 2 Devlin on Real Estate, Deeds, 3d ed., p. 2087, § 1091.

In *Trice v. Yoeman,* 8 Kan. App. 537, that court said:

"A promise to pay to a third person a debt due him by the promisee may be enforced by the promisee against the promisor without waiting for the third person to sue thereon." (Syl. ¶ 2.)

That case was reversed by this court in *Trice v. Yoeman,* 60 Kan. 742, 57 Pac. 955, because of error in the admission of evidence. From the briefs in that case it appears that the right of the mortgagor, before paying the mortgage, to enforce payment against his grantee, was expressly presented for determination, but this court said nothing on the subject.

The judgment is affirmed.