[Civ. No. 2443. Second Appellate District, Division One.—November 29, 1919.]

ALEXANDER R. GRAHAM, Appellant, v. M. DURNBAUGH et al., Respondents.

[Civ. No. 2446. Second Appellate District, Division One.—November 29, 1919.]

ALEXANDER R. GRAHAM, Appellant, v. M. DURNBAUGH et al., Respondents.

**[1] MORTGAGES — ASSUMPTION OF INDEBTEDNESS BY GRANTEE — PAY MENT BY GRANTOR—RIGHT OF REIMBURSEMENT—STATUTE OF LIMITATIONS.**—The relation between a grantor of mortgaged premises and a grantee who assumes to pay the amount of the indebtedness secured by the mortgage is that of surety and principal, and where such grantor pays a deficiency judgment after foreclosure and sale of the mortgaged premises, a cause of action for reimbursement arises in his favor against such grantee, and against subsequent grantees who have agreed to pay the amount of the indebtedness, which is not barred by the statute of limitations if commenced within two years after such payment.

APPEAL from a judgment of the Superior Court of Orange County, Z. B. West, Judge; and an appeal from a

judgment of the Superior Court of Los Angeles County, Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Downing, Downing & Beggs and H. G. Redwine for Appellant.

Williams & Rutan, A. L. Abrahams and C. E. McDowell for Respondents.

SHAW, J.—As appears from the complaints in both cases, the actions are founded upon the following facts: On August 31, 1909, plaintiff made and delivered his promissory note, due three years from date, to one Cox, together with a mortgage upon certain real estate to secure payment of the same. On January 21, 1911, he conveyed the real estate to the defendant Durnbaugh by deed, wherein the grantee, as part of the consideration therefor, assumed and agreed to pay the amount of said indebtedness so secured by mortgage. On December 23, 1911, Durnbaugh conveyed the property to D. W. Honn, with a like provision in the deed whereby Honn assumed and agreed, as part of the consideration therefor, to pay the debt secured by the mortgage; and on May 29, 1912, Honn conveyed to H. O. Kaiser upon a like assumption of obligation, though not expressed in the deed, for payment of said note and mortgage. On March 24, 1916, default having been made in the payment of the note, and Kaiser holding the legal title to the property, Cox as mortgagee instituted a suit to foreclose the mortgage, making Graham, the plaintiff herein, and Kaiser, the legal owner of the property, sole defendants therein. On July 5, 1916, the property was sold under a decree and a return made of a deficiency of $956.30, which, in accordance with plaintiff's demand in said action, was entered against Graham only. Thereafter, on October 2, 1916, Graham paid the deficiency judgment, and on November 1, 1916, instituted action No. 2443 to recover the same. While Honn and Kaiser were joined as defendants therein, no service was had upon or appearance made by them; hence on the appeal in No. 2443 we are not concerned with any ruling of the court other than as between plaintiff and defendant Durnbaugh.

Upon these facts the court sustained a demurrer interposed by Durnbaugh upon the ground that the cause of action was barred by the statute of limitations, and plaintiff declining to amend, judgment followed for defendant, from which plaintiff prosecutes this appeal.

Thereafter, plaintiff, on April 11, 1917, upon the same cause of action, by a complaint in like form, sued the same parties in the superior court of Los Angeles County, in which all of the defendants appeared and interposed demurrers upon the ground that the complaint did not state a cause of action and that the action was barred by the statute of limitations. All of the demurrers were, by a general order of the court, sustained, and plaintiff declining to amend, judgment followed in accordance with the ruling, from which plaintiff has prosecuted an appeal.

[1] In sustaining the demurrer of Durnbaugh in No. 2443 and the demurrers of all the defendants in No. 2466, in so far as they were based upon the statute of limitations, it is apparent that the rulings of the court were founded upon the contention of respondents, who insist that at the maturity of the note on August 31, 1912, a cause of action existed in plaintiff's favor upon which he might have compelled defendants to pay the debt and later, in the foreclosure suit, might have insisted that they be made parties defendant and have had a personal judgment in favor of the mortgagee entered against them for the deficiency. Hence it is argued that, since payment was made by plaintiff after the expiration of four years from the time when the note matured, any cause of action arising in his favor was barred. In brief, that all rights of this plaintiff against defendants were barred at the expiration of four years from the maturity of the note. Conceding, but (since unnecessary to a consideration of the question before us) not so deciding, that plaintiff might, under section 2854 of the Civil Code, have required the mortgagee to proceed against Durnbaugh and his codefendants, and under section 2846 of the Civil Code have compelled his principals to perform the obligation assumed, nevertheless the enforcement of such rights was not his only remedy. Section 2847 of the Civil Code provides that "if a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has

disbursed, including necessary costs and expenses." That after the making of the deed the relation of plaintiff to defendant Durnbaugh was that of surety, admits of no question. (*Tulare County Bank* v. *Madden*, 109 Cal. 312, [41 Pac. 1092]; *Tuohy* v. *Woods*, 122 Cal. 665, [55 Pac. 683]; *Hopkins* v. *Warner*, 109 Cal. 133, [41 Pac. 868].) Under the provision of the code cited the cause of action stated in the complaint did not arise until the payment made by plaintiff by reason of which the primary obligation was extinguished (*Yule* v. *Bishop*, 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094]), and as between the surety and his principal a new obligation upon an implied promise of indemnity (section 11, Pingrey on Suretyship and Guaranty) arose in favor of the surety for reimbursement by the principal for moneys expended, which action, since brought within two years from the date of the payment, was not barred by the statute of limitations. As stated by Mr. Pomeroy in his work on Equity Jurisprudence, second edition, section 1845, cited in *Tuohy* v. *Woods, supra:* "The doctrines concerning suretyship must control the dealings between these . . . parties."

There is nothing said in the cases of *California Bank* v. *Brooks*, 126 Cal. 198, [59 Pac. 302], *Roberts* v. *Fitzallen*, 120 Cal. 484, [52 Pac. 818], nor in *Morlan* v. *Loch*, 95 Kan. 716, [149 Pac. 431], cited by respondents, which is in conflict with these views. The first case cited is to the effect that the grantee of a mortgagor may in a suit to foreclose the mortgage avail himself of the statute of limitations, although as to the mortgagor the running thereof has been interrupted by his absence from the state, and the only point decided in *Morlan* v. *Loch* was that the mortgagor, having granted the property to one assuming to pay the mortgage debt, might maintain an action against such grantee to recover the amount left unpaid after sale of the property on foreclosure without paying a deficiency judgment. That question, however, is not involved in the instant cases, for the reason that the deficiency judgment was paid by plaintiff prior to bringing the suits.

In both cases, as shown by the complaints, plaintiff was a surety for defendant Durnbaugh, whose debt he paid, at which time a cause of action arose in his favor for reimbursement by the principal, for which actions were instituted within two years thereafter; hence our conclusion is that the

complaints stated causes of action against Durnbaugh which were not barred by the statute of limitations.

Since plaintiff's cause of action was not barred as to Durnbaugh, it follows, for like reason, that if a cause of action existed against defendants Honn and Kaiser, it was not barred as to them.

That the facts pleaded exhibited a cause of action against these defendants, we entertain no doubt. While plaintiff as maker of the note was liable to the mortgagee, nevertheless, by assuming the payment thereof, a right of action against the defendants arose in favor of the mortgagee for the payment of which, between them and this plaintiff, they were primarily liable, and which liability the mortgagee might have enforced in an action to foreclose her mortgage. Hence, as between plaintiff and defendants, the debt was that of the latter, which plaintiff, on account of his obligation to Cox, was compelled to pay for defendants, and thus was entitled to recover from them under the doctrine of subrogation, which "is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." (Sheldon on Subrogation, sec. 1; *Reddington* v. *Cornwell*, 90 Cal. 49, [27 Pac. 40].) In section 747a of Jones on Mortgages it is said: "After the first grantee has covenanted to pay the mortgage debt, a like covenant in his deed to the second grantee makes the latter personally liable to pay it, in exoneration of the mortgagor, who is in equity entitled to the benefit of such undertaking, in the same manner as if it had been recited in a conveyance by him directly to the second grantee"; in support of which the author cites *Torrey* v. *Bank of Orleans*, 9 Paige (N. Y.), 649, affirmed in 7 Hill (N. Y.), 260. As to plaintiff herein, the debt which he paid was one for which all of the defendants were primarily answerable and which in equity and good conscience they should have discharged.

As to Kaiser, the complaint alleges in direct terms that as a part of the consideration for the conveyance so made to him by defendant Honn, he assumed and agreed to pay the note secured by the mortgage, and that said deed of conveyance to him also provided therefor in the following language, to wit: "Subject to a first mortgage of Ten Thousand Dollars ($10,000) executed by Alexander R. Graham and Eliza

W. Graham, husband and wife, in favor of Elizabeth Cox, which the grantor herein assumes and agrees to pay"; followed by an allegation that the use of the word "grantor," instead of "grantee," in said deed, was a clerical error. No facts are alleged which could warrant the court in decreeing a reformation of the stipulation, without which respondents contend that in no event could recovery be had against defendant Kaiser. We perceive no merit in this contention. No demurrer was interposed to the complaint upon the ground of uncertainty based upon inconsistent allegations, and, as against the general demurrer, we must assume the allegations of the complaint to be true. As stated, it is alleged that Kaiser assumed the payment of the note as part of the consideration for the conveyance. For aught that appears to the contrary, this obligation might have been expressed in a separate document from the deed for the very purpose of covering the alleged mutual mistake.

The judgments in favor of the defendants in both cases are reversed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 22, 1919.