[Civ. No. 7645. Second Appellate District, Division One.—July 29, 1933.]

ELIZABETH T. LEWIS et al., Respondents, v. WILLIAM M. HUNT, Appellant.

Meserve, Mumper, Hughes & Robertson and Baldwin Robertson for Appellant.

Root, Bettin & Painter and Conant Wait for Respondents.

HENDERSON, J., *pro tem.*—The defendant, William M. Hunt, appeals from a judgment in favor of the plaintiffs Lewis, husband and wife, for breach of contract. The facts, which we deem material for our decision are summarized as follows: The defendant entered into a contract on October 1, 1926, for the purchase from plaintiffs of a certain house and lot, which Mrs. Lewis claimed as her separate property, at a price of $15,000. As part of the purchase price the defendant "assumed and agreed to pay" when it became due on February 1, 1927, a certain note in the sum of $3,500

secured by a mortgage on the property held by the Bank of Italy. After the transfer of the premises, in further payment of the purchase price the defendant delivered to the plaintiffs his promissory note secured by a deed of trust constituting a second lien on the property. The defendant defaulted in the payment of this note when due, which default was followed by the purchase of the property subject to the mortgage at the foreclosure sale by Mrs. Lewis, who went into possession under the trustee's deed on February 15, 1930. The defendant, having defaulted in the payment of the note secured by the mortgage, the plaintiffs voluntarily paid the same to the mortgagee bank at its suggestion in order to protect the property from foreclosure and received from the bank what was termed a "release" on the twenty-second day of March, 1930. The plaintiffs sued, and the court rendered judgment, upon the contract of assumption alone. Irrespective of the many objections raised by defendant they may be reduced for our consideration to his single claim that he cannot be legally bound upon a judgment for payment of money until plaintiffs have first foreclosed the mortgage, exhausted their security, and reduced the obligation to a fixed amount on a deficiency judgment, if any.

It is the position of the respondent, which receives the support of the great weight of authority, that the assumption of the mortgage debt by the grantee of the land subject thereto as part of the purchase price is a contract to pay rather than one of indemnity, and a cause of action accrues in favor of the original grantor for the entire sum secured thereby immediately upon the failure of the purchaser to pay the mortgage debt at maturity. (41 C. J., p. 741, sec. 802.) The authorities announcing the majority view ordinarily declare that a recital in a deed stating, " 'which mortgage the grantee assumes, or assumes and agrees to pay' or the conveyance is made 'subject to the payment of an outstanding mortgage' " makes the sum of money represented thereby a part of the purchase price and imposes a personal obligation upon the grantee, which in case of default may be enforced by the mortgagee pursuant to the terms of the contract. (*Burbank* v. *Roots,* 4 Colo. App. 197 [35 Pac. 275]. See, also, *Stitcher* v. *Cox,* 52 Neb. 532 [72 N. W. 848]; *Morlan* v. *Loch,* 95 Kan. 716 [149 Pac. 431];

*Furnas* v. *Durgin,* 119 Mass. 500 [20 Am. Rep. 341]; *Hass* v. *Dudley,* 30 Or. 355 [48 Pac. 168].)

The defendant urges, however, that no matter how founded in reason the rule above announced may be, it arose in jurisdictions not restricted by a statutory requirement similar in nature to that of section 726 of the Code of Civil Procedure, providing for but one action to recover a debt secured by a mortgage. In this connection he further points to the fact that the California cases in their construction of this section have consistently held that a court cannot properly render a personal judgment in an independent action against the maker of a promissory note secured by a valid mortgage until the security is exhausted (*Barbieri* v. *Ramelli,* 84 Cal. 154 [23 Pac. 1086]; *Crim* v. *Kessing,* 89 Cal. 478 [26 Pac. 1074, 23 Am. St. Rep. 491]; *Crescent Lumber Co.* v. *Larson,* 166 Cal. 168 [135 Pac. 502]); or expressed in other words, the mortgaged land necessarily constitutes the primary fund out of which the mortgage debt must be paid. (*Woodward* v. *Brown,* 119 Cal. 283 [51 Pac. 2, 542, 63 Am. St. Rep. 108]; *White* v. *Schader,* 185 Cal. 606 [198 Pac. 19, 21 A. L. R. 499].) Furthermore, the prevailing tendency of our appellate courts is to extend rather than limit the application of the provisions of said section 726 of the Code of Civil Procedure. (See *Bank of Italy* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940].)

Likewise in determining the position of plaintiffs we are bound to consider with the principles above announced the well-established rule that a purchaser or grantee who assumes the payment of the mortgage debt becomes as to the mortgagor the principal debtor, and the mortgagor a surety, and the dealings between the parties must be controlled by the doctrines governing suretyship. (*Tuohy* v. *Woods,* 122 Cal. 665 [55 Pac. 683]; *Williams* v. *Naftzger,* 103 Cal. 438 [37 Pac. 411]; *Hopkins* v. *Warner,* 109 Cal. 133 [41 Pac. 868]; *Bogart* v. *George K. Porter Co.,* 193 Cal. 197 [223 Pac. 959, 31 A. L. R. 1045].) Manifestly, in view of this rule the plaintiffs by their voluntary extinguishment of the mortgage debt became subrogated without formal assignment to the benefit of the security, which as equitable assignees they could enforce for the money expended. (*Graham* v. *Durnbaugh,* 44 Cal. App. 483 [186 Pac. 798]; *White* v. *Schader, supra.*) We are further

convinced that the extent of respondents' right to recover cannot be determined solely by the strict language of the contract but should be read in the light of said section 726 of the Code of Civil Procedure, which must necessarily enter into and form a part of the agreement as though expressly referred to therein and incorporated by its terms. (6 Cal. Jur., p. 310, sec. 186.)

It is evident that the payment of the note and mortgage by plaintiffs was not required to establish defendant's liability under the contract. This act on their part was apparently for no other purpose than to protect their newly acquired interest, purchased at the trustee's sale, from foreclosure under the prior mortgage. Moreover, the plaintiffs were presumed to know as a matter of law at the commencement of the action that defendant's liability was merely one of indemnity contingent upon the sale of the mortgaged property in a legal foreclosure proceeding and its failure to satisfy the debt and costs. (See *Biddel* v. *Brizzolara,* 64 Cal. 354 [30 Pac. 609]; *Williams* v. *Naftzger, supra;* 18 Cal. Jur., p. 42, sec. 364; *Robson* v. *O'Toole,* 45 Cal. App. 63 [187 Pac. 110].) This being true, the plaintiffs have deprived themselves of a right of action under the contract by their failure to foreclose the mortgage and determine the deficiency, if any.

There is nothing in the Case of *Turner* v. *Howze,* 28 Cal. App. 167 [151 Pac. 751], cited and relied upon by respondents, contrary to the opinion we have reached. There the debt defendant agreed to pay was in substance his own for which plaintiff's property had been given as security, and the plaintiff was clearly entitled to recover upon the contract.

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial.

Conrey, P. J., and Houser, J., concurred.