[No. 11963.   In Bank. — April 28, 1888.]

## AUGUST HEILBRON ET AL., RESPONDENTS, v. KINGS RIVER AND FRESNO CANAL COMPANY, APPELLANT.

PRACTICE — AMENDMENT OF ANSWER — DISCRETION. — It is not an abuse of discretion for the trial court to refuse to allow an amended answer to be filed, when the matters set out therein are not substantially different from those already pleaded in the answer on file.

ID. — FINDINGS — INSUFFICIENCY OF EVIDENCE — SPECIFICATION OF PARTICULARS. — The sufficiency of the evidence to sustain a finding will not be reviewed unless the statement on motion for a new trial contains a specification of the particulars wherein the evidence is claimed to be insufficient.

TORT — AFFIRMATIVE RELIEF TO DEFENDANT — CROSS-COMPLAINT. — In an action sounding in tort, the defendant cannot obtain affirmative relief by way of cross-complaint.

FINDINGS — CONFLICT OF EVIDENCE — STATUTE OF LIMITATIONS. — Where the evidence is conflicting, a finding against the plea of the statute of limitations will not be held unsupported by the evidence.

LANDLORD AND TENANT — INJURY TO LEASEHOLD — ACTION BY TENANT. — A tenant for years in the possession of the leased property may maintain an action for any injury which interferes with his possession or the use and enjoyment of the property.

RIPARIAN RIGHTS — UNLAWFUL DIVERSION — LIABILITY OF DIVERTOR. — An unlawful divertor of the waters of a natural stream cannot escape from liability to a riparian proprietor for his wrongful acts, by showing that other persons were making similar unlawful diversions.

FINDINGS. — The findings *held* to cover all the material issues raised by the pleadings.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The action was brought to recover damages caused to plaintiffs' lands by reason of the acts of the defendant in diverting the waters of a natural watercourse called Kings River, and also to obtain a perpetual injunction restraining defendant from diverting the water, or in any manner obstructing or interfering with its free flow in the channel of the stream to plaintiffs' lands.

The amended complaint shows that plaintiffs are, and they and their grantors for more than five years prior

to the filing of the complaint had been, the owners and in possession of the rancho Laguna de Tache, contain- ing forty-eight thousand acres of land, and other lands adjacent thereto, described by legal subdivisions, and that said rancho was granted to Manuel Castro by the government of Mexico in the year 1846, and that a patent for the same was duly issued by the government of the United States to the predecessors and grantors of plaintiffs in the year 1866; that plaintiffs are the owners of a large number of horned cattle and other live-stock, which they have kept and maintained, and do now keep and maintain, on said lands; and that said cattle and live- stock are dependent upon the grass and herbage which grow upon said lands for food, support, and maintenance; that said lands are used as a stock range, and are of great value to plaintiffs for that purpose. A cer- tain large natural watercourse called Kings River from time immemorial has flowed, and but for the wrongful acts of defendant in the amended complaint specified would still continue to flow, by and through said lands. There is a certain natural branch of said Kings River which was formerly known as Arroyo de Holancos, but now called Cole Slough, which now receives, and always has received, its supply of water from said Kings River. The channel of Cole Slough is located wholly within the boundaries of said lands. Cole Slough from time immemorial has flowed, and but for the wrongful acts of the defendant would still continue to flow, through said lands.

Kings River and Cole Slough have heretofore fur- nished, and but for the wrongful acts of defendant would still furnish, the cattle and live-stock of plaintiffs with water to drink, and but for the wrongful acts of defend- ant the waters of Cole Slough and Kings River would overflow, irrigate, seep through, wet, and moisten said lands, and greatly increase the fertility thereof, and cause said lands to produce a large and valuable quantity of

grass and herbage, upon which plaintiffs' cattle would feed and fatten. Defendant is a corporation, and prior to the —— day of September, 1881, it dug and constructed a large ditch or canal leading out of the channel of Kings River at a point near Hazelton's house, about twenty-seven miles above and distant from the point on the channel of said Kings River at which said Cole Slough receives its supply of water, and on the —— day of September, 1881, defendant, without the consent of plaintiffs, or their grantors, or either of them, constructed a large dam in the bed and channel of said Kings River, immediately below the place where said ditch or canal leads out of said Kings River, and by means of said dam and ditch, said defendant, at various times since said date last aforesaid, has diverted, and still does divert, from the channel of said Kings River a large quantity of water, which of right ought to have flowed, and but for the wrongful acts of said defendant would have flowed, down to and through plaintiffs' said lands, and would have overflowed, irrigated, seeped through, and moistened said lands, and increased their fertility, and furnished water for plaintiffs' cattle and live-stock to drink. It is further alleged that the diversion of water from Kings River by defendant has deprived plaintiffs' lands of the benefit of the flow of said water, has caused said lands to fail to produce their usual and accustomed crops of grass, and has deprived, and now deprives, plaintiffs' cattle and live-stock of water to drink; that the diversion of water from Kings River by defendant, during the one year immediately preceding the filing of plaintiffs' original complaint, has caused plaintiffs great loss and damage, in that said lands, by reason of the diversion of said water by defendant, have failed to produce their usual and accustomed crop of grass and herbage, and such crop has become wholly lost to plaintiffs, to their damage in the sum of twenty-five thousand dollars; and during the said one year plaintiffs' cattle and live-stock have perished

and died for want of said water to drink, and for lack of said grass to eat, to the damage of plaintiffs in the sum of ten thousand dollars. It is further alleged that the defendant has threatened, and still does threaten, to continue to divert the water from said Kings River by means of said ditch and dam, and unless restrained by a decree of the court, defendant will continue to divert and turn away from the channel of the river the waters thereof, to such an extent as to completely drain said channel, and finally change the course of said stream, and thereby deprive plaintiffs' lands of the flow of said water, and plaintiffs' cattle and live-stock will be deprived of water to drink, whereby plaintiffs will suffer great and irreparable loss and injury, and that such loss and injury will be continuous; and compensation therefor cannot be adequately obtained in an action at law for damages, etc. The prayer is for thirty-five thousand dollars damages, and a decree adjudging said dam to be a nuisance, and that the defendant be ordered to remove and abate the same, and that the court issue its permanent injunction restraining defendant from maintaining any dam or obstruction in the channel of said river, or diverting any of the waters thereof.

The defendant filed a demurrer to the amended complaint, which was overruled, and thereafter defendant filed what it denominated "an answer to the amended complaint and cross-complaint." A demurrer was interposed to the so-called cross-complaint, which was sustained by the court. The answer and cross-complaint set up an alleged appropriation of the waters of the stream, and the statute of limitations. The cause was tried by the court sitting without a jury; written findings of fact were filed, upon which judgment was entered for plaintiffs. Defendant's motion for a new trial was denied, and thereafter it appealed from the final judgment, and from the order denying its motion for a new trial. The further facts are stated in the opinion of the court.

*H. S. Dixon*, and *Flournoy & Mhoon*, for Appellant.

*Brown & Daggett,* for Respondents.

The COURT.— Many of the question involved in this appeal have recently been determined adversely to the contentions of appellate herein. It is therefore unnecessary to notice them further. (*Heilbron* v. *Fowler Switch Canal Co.*, 75 Cal. 426; *Heilbron* v. *Last Chance Water Ditch Co.*, 75 Cal. 117; *Heilbron* v. *Centerville and Kingsburg Irrigation Ditch Co.*, ante, p. 8.)

1. The defendant's motion for leave to file an amended answer was addressed to the sound discretion of the court, and it appears from the affidavit filed in support of the motion that the matters set out in the amended answer were not substantially different from those which had already been pleaded in the answer on file. The court denied the motion, on the ground "that said matters of amendment are sufficiently pleaded in the original answer to the amended complaint." We think, therefore, that the court did not abuse its discretion in refusing to allow it to be filed. The defendant seems to have been given the benefit of the matters alleged in his original answer and proposed amendments.

2. The demurrer to the cross-complaint—so called— was properly sustained. The cross-complaint contained nothing which had not already been set out in the answer filed. Furthermore, the action is one for tort, and no affirmative relief could be granted. (*McDougall* v. *Maguire*, 35 Cal. 274.)

3. No specifications of the insufficiency of the evidence to support the first, second, third, fourth, fifth, or sixth finding of fact are made in the statement on motion for a new trial. The facts therein stated, therefore, cannot be controverted.

4. The findings of the court upon the question of adverse use are against the defendant on every element necessary to a title by prescription, and are, we think,

supported by the evidence. The question is not whether this court would, upon the same evidence, find the facts as they are found by the court below. It is sufficient to say that there is a substantial conflict. There is nothing to show that Clark or his tenants had knowledge or notice of the diversion of water through defendant's ditch. The most that can be said is, that the evidence, taking into consideration all presumptions, is conflicting upon that question. Diversion of water by the defendant took place at a point nearly thirty miles above the lands of plaintiffs' ranch, on the land of a riparian proprietor. It was not incumbent upon Clark or his tenants to take notice of what was going on at that distance above their property, to ascertain whether any one was diverting water from the channel of the river. There is evidence in the record tending to show that the diversion of water from Kings River was a matter of notoriety in the vicinity of plaintiffs' ranch prior to August, 1877, but it is confined to diversions made by other ditches than that of the defendant. There was also evidence tending to show that the diversion of water by the defendant had not been continuous and uninterrupted for five years before the commencement of this action. The court found such to be the fact. Upon this topic there was also a substantial conflict in the evidence.

5. The findings of the court are not outside of the issue upon the question of ownership. The plaintiffs are tenants, and not owners in fee; but they have the right to the exclusive possession and use of the property and all its appurtenances, and have the right to maintain an action for any injury which interferes with their possession or the use and enjoyment of the property. In *Lux* v. *Haggin,* 69 Cal. 436, it was said: "When water is diverted from land an injury is done to the possession. Ordinarily it is sufficient if the plaintiff shows that he has possession against a mere wrong-doer. . . . . . The

plaintiff in such cases is not bound to prove the same title as he alleges, for the disturbance is the gist of the action."

6. We see no error in the construction given to the patent by the court below with respect to the boundary lines of the ranch. We think, under the description given in the patent, Kings River is one of the boundaries of the lands described in the complaint.

7. There was evidence to sustain the findings of the court with respect to the amount of damages sustained by plaintiffs. The court evidently believed from the evidence before it that the amount of water diverted by the defendant, if it had been permitted to flow in the channel of the river, would have furnished the plaintiffs' cattle with sufficient water to drink, and that plaintiffs' stock died by reason of the diversion of the water by defendant. The court excluded evidence offered on behalf of defendant to show that other parties were diverting water at different points on the river above the ranch of the plaintiffs. In this we think the defendant was not prejudiced. It does not appear whether the diversions referred to were lawful or unlawful,—with or without the consent of the plaintiff. If the acts of the owners of other ditches were joined with the acts of the defendant, the defendant cannot shield itself with evidence of such other diversions.

8. We think that the findings cover all the material issues raised by the pleadings. The court found, upon the questions of ownership of plaintiffs and their predecessors, their possession, and the use of the range for stock purposes; that Kings River flows through the lands; that Cole Slough is a natural watercourse, and a branch of Kings River; that plaintiffs have been damaged by the defendant's diversion of the waters therefrom; and that the cause of action is not barred by the statute of limitations. These are all the material matters in issue.

LXXVI. CAL.—2

9. We see no errors in the rulings of the court in admitting or excluding evidence which operate to the prejudice of defendant's substantial rights. Some of the rulings respecting the notoriety of the diversions and the means of knowledge possessed by the plaintiffs appear at first sight to have been erroneous, but an examination of all the testimony shows that they were made upon the ground that the evidence of notoriety and knowledge was incompetent, because it did not relate to diversions *made by the defendant,* but to diversions of water from Kings River generally, and at a point many miles above the lands of the plaintiffs. The only purpose which could have been subserved by the evidence was to show that the defendant's diversion of water by means of its ditch was not clandestine.

Judgment and order affirmed.

Rehearing denied.