[No. 15380.   Department Two.—June 13, 1894.]

LULU GREEN ET AL., RESPONDENTS, *v.* JASPER N. GREEN ET AL., APPELLANTS.

DEED—CONVEYANCE OF AFTER-ACQUIRED TITLE.—A deed of a title in fee simple absolute, expressly purporting to convey all after-acquired title of the grantor, operates upon all the interest in the property thereafter acquired by him, and causes it to inure to the benefit of the grantor and his heirs.

ID.—RECORD OF DEED—CHANGE OF COUNTY BOUNDARY.—A deed of land situated in a township which was in one county at the time the deed was executed, and acknowledged before a justice of the peace of that township on the day the deed was executed, is properly recorded in another county to which said township was subsequently annexed, if not recorded in the original county in which such township was situated, before its severance therefrom—the deed being properly recorded in the county in which the land was situated at the time of recording.

NEW TRIAL—SPECIFICATIONS IN STATEMENT—CONCLUSIVENESS OF FINDING.—The sufficiency of the evidence to sustain a finding before the court cannot be considered, where there is no specification in the statement on motion for new trial of any defficiency of evidence in respect to that finding.

APPEAL from an order of the Superior Court of San Mateo County denying a new trial.

The facts are stated in the opinion.

*Z. N. Goldsby*, and *L. F. Smith*, for Appellant.

*Edw. F. Fitzpatrick*, for Respondent.

VANCLIEF, C.—Action to quiet plaintiffs' alleged title to one hundred and sixty acres of land situated within the present boundaries of the county of San Mateo, The action was tried and judgment rendered in favor of plaintiffs, except as to a life estate in the defendant Delana Green, in October, 1888. The defendants moved for a new trial on a statement of the case, which was settled and allowed by a succeeding judge on January 21, 1893. This appeal by the defendants is from an order denying their motion for a new trial, made January 11, 1893.

The land in controversy was pre-empted in 1863 by Havilah Green, husband of the defendant, Delana Green. He declared a homestead upon the premises January 2, 1865, and died July 21, 1865. After his death the land was entered by his heirs, and a United States patent was issued to them on January 10, 1868, pursuant to United States Revised Statutes, section 2269. On December 28, 1867, the defendant, Jasper N. Green, and his brother, John R. Green, two of the sons and heirs of the deceased, Havilah Green, executed a grant, bargain, and sale deed of the land to their brother, Henry H. Green, under whom the plaintiffs claim title by descent, as his heirs. This deed purported to convey absolute title to the land, and also all present and future interest of the grantors therein. On March 12, 1883, Delana Green, widow of Havilah, conveyed the land to defendant Jasper N. Green, reserving a life tenancy in herself. On June 11, 1883, the superior court set the premises apart as a homestead for the use of the widow, Delana, and on July 9, 1883, she conveyed the land to William

H. Bias, subject to her life estate therein; and on January 31, 1884, Bias conveyed all his rights to Jasper N. Green.

The judgment quieted the title of plaintiffs as against Jasper N. Green, and also against Delana Green, excepting her life estate, as to which the judgment quieted her title as against the plaintiffs.

1. Upon these facts, which are principally taken from the answer of the defendants, I think the judgment is clearly right. The conveyance by the defendant Jasper N. Green, on March 28, 1867, to Henry H. Green, being of a title in fee simple absolute, and expressly purporting to convey all after-acquired interest of the grantor, operated upon all the interest thereafter acquired by him, causing it to inure to the benefit of Henry H. Green, and of his heirs, the plaintiffs. (*Hitchens* v. *Nougues*, 11 Cal. 28; *Clark* v. *Baker*, 14 Cal. 613; 76 Am. Dec. 449; *Quivey* v. *Baker*, 37 Cal. 465; *Dalton* v. *Hamilton*, 50 Cal. 423; Civ. Code, sec. 1106.)

2. Appellants contend that a certified copy of the record of the deed of March 28, 1867, was not competent evidence of the contents or execution of that deed, for the reason that the deed was not recorded in Santa Cruz county, in which the land was situated, at the time that deed was executed.

The land was situated in Pescadero township, in Santa Cruz county, at the time the deed was executed and acknowledged, and the execution thereof was acknowledged before Robert Knowles, a justice of the peace in that township, on the day the deed was executed. In March, 1868, Pescadero township was severed from Santa Cruz county and annexed to San Mateo county. The deed was not recorded until June 20, 1872, when it was recorded in San Mateo county. The acknowledgment is in due form; and, besides, Knowles, who took it, also signed as a witness to the execution, and testified at the trial that the deed was executed in his presence. The deed was properly recorded in the county in which the land was situated at the time of recording

(Civ. Code, sec. 1169), and a certified copy of the record was *prima facie* evidence of the execution of the deed, since it was proved that the original was not in the possession or under the control of the plaintiff.   (Code Civ. Proc., sec. 1951, as approved March, 1874, in force at the time of trial; *Anthony* v. *Chapman*, 65 Cal. 73.)

3. Appellants contend that the finding by the court that plaintiffs' cause of action was not barred by the statute of limitations is not justified by the evidence. But there is no specification in the statement on motion for a new trial of any deficiency of evidence in respect to that finding.

Other points made are so obviously untenable that they merit no special consideration.

I think the order should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

DE HAVEN, J., MCFARLAND, J., FITZGERALD, J.