[S. F. No. 1005.   Department Two.—June 23, 1899.]

MARGARET E. BANE, Administratrix, etc., Respondent, v. M. H. PEERMAN, Appellant.

CLAIM AND DELIVERY—INSUFFICIENT COMPLAINT—PAST OWNER-SHIP.—A complaint in an action of claim and delivery, which merely avers the past ownership by the plaintiff of the personal property claimed, on the day of the seizure thereof by the defendant, and a demand of possession on that day, and does not aver any continued or present ownership or right of possession of the plaintiff, is not aided by an averment that defendant "still unlawfully withholds and detains said goods and chattels," and is insufficient to sustain a cause of action, or to support a judgment for the plaintiff.

ID.—OWNERSHIP AT COMMENCEMENT OF ACTION—FINDINGS OUTSIDE OF ISSUES.—Such complaint cannot be supported or cured by findings outside of the issues, setting forth the ownership and right of possession of the plaintiff at the commencement of the action. Findings of fact must have a basis in the pleadings and be within the issues, and can never cure the absence of an essential allegation.

APPEAL from a judgment of the Superior Court of Sonoma County. S. K. Dougherty, Judge.

The facts are stated in the opinion.

A. B. Ware, and Thomas Rutledge, for Appellant.

R. M. Swain, and Barham & Miller, for Respondent.

HAYNES, C.—Since this appeal was taken respondent, D. C. Bane, died, and Margaret E. Bane, administratrix of his estate, has been substituted by this court as plaintiff and respondent.

This action is in claim and delivery. Findings and judgment

were in favor of the plaintiff, and the defendant appeals from the judgment on the judgment-roll.

It is contended by appellant that the complaint does not state facts sufficient to constitute a cause of action, and that the findings are defective and do not support the judgment.

The complaint alleges: "That on the ninth day of July, 1896, said plaintiff was the owner and entitled to the immediate possession of all the following goods and chattels: . . . . that the said defendant on the ninth day of July, 1896, at Santa Rosa, Sonoma county, without plaintiff's consent, and wrongfully, took said goods and chattels from the possession of plaintiff, and has continuously retained the same." A demand is alleged to have been made "on the ninth day of July, 1896," for possession of said goods, and that defendant "still unlawfully withholds and detains said goods and chattels," et cetera. The complaint was sworn to and filed on July 23, 1896.

The defects in the complaint in this case cannot be distinguished from those considered in *Truman v. Young*, 121 Cal. 490, and upon the authority of that case, and others there cited, we conclude that it does not state a cause of action.

Respondent contends, however, that the defective allegations in the complaint are cured by the findings. But here there is a total failure to allege that the plaintiff was the owner of the property and entitled to its possession at the time the action was commenced, and not a defective allegation that he was the owner and entitled to the possession at that time. Sufficient findings to support a judgment must have a basis in the pleadings, and never cure the absence of an essential allegation. Findings of fact must be within the issues, and there was no issue as to the ownership and right of possession when the action was commenced. The issue as to the ownership and right of possession on the ninth of July was immaterial.

I advise that the judgment appealed from be reversed, with leave to the plaintiff to amend the complaint.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with leave to the plaintiff to amend the complaint.       McFarland, J., Temple, J., Henshaw, J.