[L. A. No. 569.  Department Two.—September 23, 1899.]

CALIFORNIA BANK et al., Appellants, v. J. MARION
BROOKS et al., Respondents.

MORTGAGES—RENEWAL OF NOTE—STATUTE OF LIMITATIONS—RIGHTS OF
SECOND MORTGAGEE.—A mortgagee may extend the statute of limi-
tations as to himself by the renewal of the note secured by the
mortgage; but the mortgagor and first mortgagee cannot there-
by extend the statute so as to affect the rights of a second mort-
gagee, who may take advantage of the statute of limitations
as to the original note, although the debtor does not, or can-
not, take such advantage.

ID.—FORECLOSURE OF SECOND MORTGAGE—PAYMENT OF FIRST MORTGAGE:
IMMATERIAL—BAR OF STATUTE.—In an action to foreclose the second
mortgage, the question whether the original note secured by
the first mortgage was, or was not, paid and discharged by new
notes given in lieu thereof, by the mortgagor, is not material
to the rights of the second mortgagee, if the right of action
upon the first mortgage was barred when the action was brought
to foreclose the second mortgage.

APPEAL from a judgment of the Superior Court of Ventura
County.  B. T. Williams, Judge.

The facts are stated in the opinion of the court.

J. S. Chapman, and F. M. Porter, for Appellants.

Blackstock & Ewing, for Respondents.

TEMPLE, J.—The complaint avers that on the twelfth day
of March, 1891, J. Marion Brooks made a promissory note to
one Weldon, for the California Bank, in the sum of fourteen
hundred and fifty-seven dollars; that prior to that time Brooks
'owed William Collins & Sons about four thousand five hundred
dollars, evidenced by a promissory note for three thousand dol-
lars, dated December 18, 1889, and due one year after date,
and by a note for three hundred and fifty dollars, dated February
7, 1891, payable sixty days after date.   Also, that on the twelfth
day of March, 1891, the indebtedness of Brooks to William
Collins & Sons was secured by conveyance of certain real prop-
erty by Brooks to said William Collins & Sons.   On the same
day Brooks executed to Weldon an instrument in writing, by

which it was, in substance, agreed that said property should be held by Collins to secure the debt due to the bank as well, and that Weldon might at any time pay the debt due to Collins, and then should be entitled to a transfer of the security to himself. To this agreement Collins assented in writing, accepting the obligations thereby imposed.

On the thirtieth day of March, 1891, it is averred, Brooks executed to Weldon a mortgage on certain property, subject to the claim of William Collins & Sons. The mortgage is set out at large in the complaint.

Assignments from Weldon to plaintiff Witmer are alleged, and also that Witmer holds the note and mortgage for the plaintiff bank.

It is then charged that on the 13th of February, 1894, William Collins & Sons surrendered to the said J. Marion Brooks the promissory note for three thousand dollars, and took in satisfaction and discharge thereof two other promissory notes, one dated February 3, 1894, and the other February 13, 1894, each bearing interest at the rate of ten per cent per annum and payable one year after date.

It is then alleged that "by reason of the transactions aforesaid the plaintiffs have a prior lien upon the remainder of the property in the hands of said J. S. Collins, as trustee, and conveyed to him by the said J. Marion Brooks, as aforesaid, for the payment of their said debt, and are entitled to payment in preference to the said William Collins & Sons, as to all their claim, except as to the said sum mentioned in the promissory note of February 7, 1891, for three hundred and fifty dollars," et cetera.

Nonpayment of plaintiffs' debt is duly charged, and plaintiffs ask for a judgment decreeing the sale of the property held as security, and from the proceeds then to be paid: 1. The note for three hundred and fifty dollars due Collins; 2. The indebtedness from Brooks to the plaintiffs; 3. The remaining indebtedness of Brooks to William Collins & Sons; 4. The remainder, if any after deducting costs, to Brooks.

The answer denies that the three thousand dollar note was surrendered and discharged for the two notes, and the court so finds. The fact, therefore, is, as was admitted and found, that

the new notes were taken as further evidence of the indebtedness of Brooks to William Collins & Sons, but there was no agreement that the former note should be thereby paid and discharged.

Of course as to plaintiff the debt was still evidenced by the first note. The first mortgagee could not renew the note and thereby extend the statute of limitations so as to affect the second mortgagee. He may take advantage of the statute of limitations, although the debtor does not. (*Lord v. Morris,* 18 Cal. 482; *McCarthy v. White,* 21 Cal. 495; 82 Am. Dec. 754; *Barber v. Babel,* 36 Cal. 11; *Sichel v. Carrillo,* 42 Cal. 493; *Wood v. Goodfellow,* 43 Cal. 185.)

In the last case above cited the mortgagor was out of the state, and in reply to the plea of the statute by the second mortgagee in the suit to foreclose the first mortgage, it was contended that by the terms of the statute itself it did not run while the debtor was absent. The language of the statute was: "The time of his absence shall not be part of the time limited for the commencement of the action." But the court replied that it had been repeatedly held that, as against subsequent encumbrances, the mortgagor could not by stipulation prolong the time of payment, and said: "We see no difference in principle between a suspension of the running of the statute resulting from an express waiver, and one caused by his voluntary act in absenting himself from the state." The theory upon which judgment was rendered in the trial court for respondent, and the argument of respondent here, really admits the proposition. Why does respondent deem it necessary to contend that the first note was not paid and discharged by his acceptance of the new notes? Only because he finds it necessary to contend that he may still sue on the first note, and because he realizes that he cannot otherwise maintain himself against the plaintiffs. All the rights of William Collins & Sons, as against plaintiffs, depend upon their right to maintain an action on the original note. But the right to maintain an action upon that note became barred December 18, 1894, which was before the commencement of this action.

The action was brought to foreclose plaintiffs' mortgage. Perhaps it was unnecessary to set up the entire transactions as

has been done. All the facts alleged are either admitted or found, except that it is found that the note for three thousand dollars, given by Brooks to William Collins & Sons, was not paid by the new notes given for the same indebtedness. As the right of action upon the original note was barred before this action was brought, that was immaterial. Upon the facts alleged and found plaintiffs are entitled to the relief they demanded.

As to Brooks it was competent to extend the period of the statute by the new notes. The cause is therefore remanded, with directions to set aside the judgment and to enter in lieu thereof upon the findings a decree directing the sale of the securities. That the proceeds be applied as follows: 1. To the three hundred and fifty dollar note held by William Collins & Sons; 2. To costs, including counsel fee, if any be allowed; 3. To pay the indebtedness to plaintiffs; 4. The remaining indebtedness of William Collins & Sons; 5. Residue, if any, to defendant Brooks.

McFarland, J., and Henshaw, J., concurred.