[Civ. No. 437.   Third Appellate District.—May 28, 1908.]

## ASHLEY D. CAMERON, Executor of Will of ANNIE L. CAMERON, Deceased, Appellant, v. AH QUONG, Defendant, Respondent. CHIN SHIN, Intervener, Respondent.

EJECTMENT—INTERVENTION BY MORTGAGEE—INSUFFICIENT CAUSE OF ACTION—JUDGMENT UNSUPPORTED.—In an action of ejectment against a tenant in possession, in which a mortgagee intervened, and for one distinct cause of action merely alleged the ownership of two mortgages acquired by purchase and assignment, without alleging possession or right of possession under the mortgages, his complaint in intervention as mortgagee states no cause of action, and a judgment in his favor based thereon cannot be supported.

ID.—PLEADING — DEMURRER — MOTION TO STRIKE OUT. — The proper mode in which to meet an insufficient cause of action in the complaint in intervention is by demurrer, and not by motion to strike out the insufficient cause of action.

ID.—FAILURE TO DEMUR—OBJECTION NOT WAIVED—REVIEW UPON APPEAL.—When the complaint of the intervener, upon which the judgment in his favor is based, fails to state a cause of action for want of essential facts, objection thereto is not waived by failure to demur thereto, nor cured by verdict or judgment, and the point may be urged upon appeal, notwithstanding the failure to demur.

ID.—PROOF OF EQUITIES NOT PLEADED—ABSENCE OF ALLEGATION NOT CURED.—Notwithstanding the evidence clearly discloses equities in favor of the intervener mortgagee, as having been put into possession by a second mortgagee, yet the action being one at law in ejectment against a third person, and the position of the mortgagee being that of one who is setting up an outlawed mortgage, in regard to which no equity is pleaded, no evidence thereof, even if admitted without objection, can cure the total absence of allegations essential to the statement of a cause of action.

ID.—FIRST CAUSE OF ACTION—ADVERSE POSSESSION—TENANT OF MORTGAGEE—SEPARATE STATEMENT—ABSENCE OF REFERENCE.—A first cause of action in the complaint in intervention, setting up title by adverse possession, and that the tenant sued is the tenant of the mortgagee, which is separately stated, cannot aid the allegations in favor of the mortgagee upon a second cause of action, separately stated, in which no possession of the mortgagee is alleged, and in which no part of the first cause of action is referred to or made part of the second cause of action by adoption.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. W. B. Wallace, Judge presiding.

The facts are stated in the opinion of the court.

Welles Whitmore, and C. C. Merriam, for Appellant.

Riordan & Lande, Edward Lande, Frank H. Short, and F. E. Cook, for Respondents.

HART, J.—Action in ejectment. The plaintiff alleges ownership of the lands in dispute and ouster by the defendant, and prays for restitution of said premises, for damages for withholding the same and for the sum of $1,750 as the value of the rents and profits from January, 1898, to and including a portion of the year 1903.

The defendant, Ah Quong, answering the complaint, specifically denies the material averments thereof, and then pleads the bar of the statute of limitations.

Chin Shin intervened, and as a first cause of action sets up title to the lands in dispute by adverse possession, and alleges that the defendant, Ah Quong, holds possession of the same as his tenant; and, as a second cause of action, intervener alleges that he is the owner of two certain mortgages subsisting against the premises, and of which he acquired ownership by purchase from, and assignment by, the respective mortgagees, and that by reason of his said ownership of said mortgages the "plaintiff is not entitled to the judgment in this action prayed for by him, or to any relief whatever."

The plaintiff interposed an answer to the first cause of action set out in intervener's complaint, denying in detail the material allegations thereof, and moved to strike out the second count in said complaint on the ground, among others, that it "does not allege possession or right of possession." The court refused to grant the motion to strike out the alleged second cause of action and the plaintiff made no answer thereto.

Upon the issues thus made up, a trial was had and a judgment rendered that the plaintiff is the owner and entitled to the possession of the lands in controversy, and that he be given possession thereof, "provided that before he shall be

entitled to have actual possession or occupation of said lands and premises, or any part thereof, or any right to any writ or process out of this court to place him in possession thereof he, said plaintiff, shall first pay to said intervener, said Chin Shin, the full amount of the principal sums and accrued interest due to said intervener under the terms and provisions of said two mortgages owned by said intervener and as set forth in the findings of the court herein,'' etc.

The appeal is from the judgment and the order denying plaintiff a new trial.

We are forced to the conclusion that the intervener, in his alleged second cause of action, upon which alone the court below finds that he is entitled to relief, totally fails to state facts justifying the decree entered in his behalf.

It may first with propriety be observed that the better practice would have been, perhaps, rather than a motion to strike out the alleged second cause of action, to have interposed a demurrer thereto. The vital ground of the motion, however, is in effect a challenge to the sufficiency of the facts alleged in said purported second count of the complaint in intervention to state a cause of action or defense. Besides, the point is made here that the facts alleged therein do not constitute a cause of action, or a defense, and it is well settled that, where a complaint or pleading is so deficient in its averments as that it does not even attempt to state a cause of action or a defense, the point may be raised here for the first time. In other words, ''where a complaint in an action fails to state a cause of action, for want of essential facts, objection thereto is not waived by failure to demur, nor cured by verdict or judgment,'' and the point may be urged upon appeal, notwithstanding the failure to demur. (Code Civ. Proc., sec. 434; *Hurley* v. *Ryan,* 119 Cal. 71, [51 Pac. 20]; *Bane* v. *Peerman,* 125 Cal. 220, [57 Pac. 885]; *Buckman* v. *Hatch,* 139 Cal. 53, [72 Pac. 445].)

The facts presented at the trial show, and the proposition is not questioned, so far as the evidence is concerned, that the intervener, through the defendant, Ah Quong, as his tenant, was, for fully seven years prior to the institution of this action by plaintiff, in possession of the premises in controversy; that he was originally put in possession by Chapman, the mortgagee of the second mortgage, upon purchas-

ing and thus acquiring ownership of the latter and the note, to secure payment of which said mortgage was executed by plaintiff's testate, notwithstanding the fact (which we think, under the evidence, could exert no material influence against the right to the relief asked for by intervener) that there is no provision in said mortgage authorizing the mortgagee to take and hold possession of the premises as an additional security for the debt.

Relying upon the undisputed evidence of his possession, the respondent intervener insists that the findings and the decree of the court below should be sustained upon the equitable principles enunciated and applied in the case of *Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 26 Pac. 203], as well as upon the equitable principle that ''he who seeks equity must do equity,'' invoked in that class of cases in which the relief sought is the quieting of title, and in which, by virtue of said principle, the mortgagee of an outlawed mortgage, although not in possession of the mortgaged premises, is held to be entitled to the satisfaction of the mortgage debt before the relief demanded by the plaintiff will be awarded. (*Booth* v. *Hoskins,* 75 Cal. 271, [17 Pac. 225] ; *De Cazara* v. *Orena,* 80 Cal. 132, [22 Pac. 74] ; *Brandt* v. *Thompson,* 91 Cal. 458, [27 Pac. 763].) But, while the evidence appears to clearly disclose that the ''equities of the case'' are decidedly with the respondent intervener, and that he is entitled to the relief which the court below has undertaken to grant to him, an insuperable obstacle to the upholding of the decree lies, as already suggested, in the complete failure of his complaint in the second count thereof to state a cause of action. The case here, it must be borne in mind, is not an equitable suit to quiet title. The plaintiff brought an action at law to secure possession of the premises involved against one Ah Quong, who, it is alleged, unlawfully ousted plaintiff of possession of said premises, and who, at the time of the commencement of said action, still unlawfully held such possession. The second cause of action set out in the complaint in intervention nowhere alleges that the intervener has, or ever had, possession of the premises in dispute. It merely alleges that ''the plaintiff in this action ought not to have or maintain said action, and is not entitled to the judgment therein prayed by him, or to any relief whatever by

reason of the following facts and circumstances, to wit,''
and then follow averments of the execution of the notes and
of the mortgages on the premises to secure the payment of
said notes, of the assignment of said notes and mortgages to
intervener and his ownership thereof. The notes are set out
*in haec verba,* and the right to foreclose the mortgages
executed contemporaneously with the execution of the notes
is thus shown to have been barred by the statute of limita-
tions at the time this action was instituted. It is, therefore,
plainly obvious that, in order to successfully defend against
ejectment by the mortgagor, the intervener necessarily should
have alleged possession of the mortgaged premises in him-
self, and that the omission to do so constitutes failure to
state any cause of action or defense whatever. ''This right
to retain the possession of the land is not coincident with a
right to foreclose his mortgage, or dependent upon such right,
but depends solely upon the existence of the debt. *The pos-
session of the land is a specific security for the debt, distinct
and separate from the mortgage, which has been conferred
by an act of the debtor, and the right to retain the same is
independent and distinct from any right springing from the
mortgage.''* (*Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep.
314, 26 Pac. 203].) Thus it is clear that the gist of the
intervener's defense against ejectment by the plaintiff is *his
possession of the mortgaged premises, held, by consent of the
mortgagor, as an additional security for the debt.* It is
true that in his first cause of action or defense, in which title
to the premises by adverse possession is claimed, intervener
alleges that the defendant, Ah Quong, against whom eject-
ment is brought by the plaintiff, holds possession of the
premises as his (intervener's) tenant; but in his second
cause of action, as we have seen, his possession under any
circumstances or upon any conditions is nowhere referred to,
either expressly or by appropriate or any reference to the
allegations contained in the first cause of action or defense.
In short, the situation is this: The plaintiff proceeds in
ejectment against Ah Quong. The latter tenders an issue
upon the question of the right of possession. Intervener
(eliminating from consideration his first cause of action, as
may properly be done, for the court below was justified in
finding that title by adverse possession was not established by

the proofs) undertakes to defend against plaintiff's claim of
right of possession as against Ah Quong upon a pleading
which fails to allege possession in himself or to connect him-
self in the slightest degree with Ah Quong's possession. His
position, therefore, is no better than or different from that
of one having an outlawed mortgage against the premises
and who is not in possession under such mortgage. So far
as the averments of his second cause of action or defense
disclose, the intervener is a perfect stranger to the trans-
action out of which originates the action in ejectment against
Ah Quong. In other words, in an action in ejectment by A
against B, it is not supposable for an instant that C, a perfect
stranger to B, and the holder and owner of a mortgage, the
right to foreclose which is barred, could intervene and in
effect say to the court: "You have no right to eject B,
because I have a mortgage on the premises barred by the
statute of limitations, and, therefore, upon equitable prin-
ciples, B is entitled to hold possession of said premises until
the debt which my mortgage was given to secure is paid."

The fact that the appellant failed to object to evidence
addressed to issues not tendered by the pleadings can be of
no service or avail to the respondent intervener. It is well
settled that where a complaint, as is the fact in the case of
intervener's pleading here, entirely fails to state a cause of
action, evidence offered and received, whether against or with-
out objection, upon the theory, unsupported, or unfounded
by the averments of the complaint, that the issues necessary
to be determined are tendered and submitted by the plead-
ings, cannot cure the total absence of allegations essential to
a statement of a cause of action. Of course, the rule is
different where there is mere defectiveness in the statement
of sufficient facts. But if the rule were otherwise as to the
first stated proposition, then certainly the rules of pleading
would be absolutely worthless and count for naught.

Of course, it will not be disputed that when a complaint
contains two or more causes of action the rule is that they
shall be distinctly and separately stated. If the pleading is
of this character, each separate division or count or cause of
action or defense must be complete by itself, and must either
contain all the averments necessary to a perfect cause of
action or defense or the omitted facts supplied by appropriate

reference to material facts properly set forth in a former count, thus incorporating them into and making them a part of the subsequent count or cause of action or defense. (Pomeroy's Code Remedies, 4th ed., sec. 466; *Hopkins* v. *Contra Costa County,* 106 Cal. 570, [39 Pac. 933].)

As before observed, the principle applied in the case of *Booth* v. *Hoskins, supra,* and other cases heretofore cited upon the same point, cannot be applied here.

If the plaintiff had proceeded in equity to remove a cloud from, or to quiet title to, the premises, the situation would be very much different from that presented here. In such a case, the intervener here could, as a defendant, whether directly proceeded against or as an unknown defendant, defend against the relief thus sought by setting up the mortgages, and, under the equitable maxim that he who seeks equity must do equity, prevent plaintiff from securing the relief for which the averments of his complaint called until the mortgage debts had first been satisfied.

It may pertinently be suggested that the respondent intervener might have saved himself some trouble and expense if, when the motion was made to strike out his second cause of action or defense, he had amended said second count by inserting therein averments covering the point upon which we feel constrained to reverse the judgment.

The appellant, as before observed, failed to object to testimony offered in support of intervener's possession of the premises, and, as we find no prejudicial errors in the rulings of the court reviewable on an appeal from the order, the same will be affirmed. For the reasons expressed in the foregoing, however, the judgment is reversed.

Chipman, P. J., and Burnett, J., concurred.