[S. F. No. 7292.   Department Two.—June 7, 1917.]

## ASHLEY D. CAMERON, Executor of the Will of Annie L. Cameron, Deceased, Appellant, v. AH QUONG, Defendant and Respondent; CHIN SHIN, Intervener and Respondent.

EJECTMENT—INTERVENTION—MORTGAGEE IN POSSESSION—TITLE BY ADVERSE POSSESSION—JOINDER OF INCONSISTENT CAUSES OF ACTION.— In an action of ejectment, an intervener, without the necessity of making an election, may join a cause of action based upon the acquisition of title by adverse possession, on which he asked for judgment decreeing that he was the owner in fee, and a cause of action based upon his rights as a mortgagee in possession, on which he prayed for an alternative judgment that if plaintiff's right to recover the land should be found to exist, the court should impose, as a condition to intervener's surrender of the property, the payment by the plaintiff of the mortgage indebtedness, and the repayment of the taxes which the intervener had paid.

ID. — CAUSES OF ACTION ARISING OUT OF SAME TRANSACTION. — A complaint may, in different counts, set forth inconsistent causes of action arising out of the same transaction.

ID.—ACTION BY EXECUTOR — PLEADING REPRESENTATIVE STATUS — OMISSION OF ALLEGATION IN COMPLAINT BY INTERVENER. — A plaintiff suing in ejectment as an executor, who fully averred his representative status in his own pleading, cannot complain of the absence of a similar allegation from a complaint in intervention.

ID. — JUDGMENT IN EJECTMENT AGAINST MORTGAGEE IN POSSESSION — PRESENTATION OF MORTGAGE CLAIM TO EXECUTOR.—A mortgagee in possession, who has intervened in an action of ejectment instituted by the executor of the owner in fee, is entitled to have the judgment in favor of the executor made conditional upon the payment of the mortgage indebtedness, notwithstanding the failure of the complaint in intervention to aver the presentation to the executor of a claim based upon such indebtedness.

ID.—PLEADING—APPEAL—ORDER REFUSING NEW TRIAL.—An alleged insufficiency of a complaint may not be considered on an appeal from an order denying a motion for a new trial.

ID. — EVIDENCE — INSTRUMENT EXECUTED BY ATTORNEY IN FACT — AB-
SENCE OF PROOF OF AUTHORITY.—The admission in evidence of an
assignment of a mortgage purporting to have been executed by the
attorney in fact of the assignor, without first proving the author-
ity of such attorney, will be deemed without injury, where no
specific objection was made predicated upon the absence of such
proof, and it appeared that the assignment had been executed and
acknowledged in due form before a notary public.

ID.—PROOF OF ABSENCE OF WITNESS—INTRODUCTION OF DEPOSITION OR
FORMER TESTIMONY.—The sufficiency of the showing of the absence
of a witness justifying the introduction of a deposition or of testi-
mony given at a former trial, under subdivision 8 of section 1870 of
the Code of Civil Procedure, is within the discretion of the trial
court. Under the circumstances of the present case, no abuse of
such discretion is shown.

ID.—CONSENT OF MORTGAGOR TO POSSESSION OF MORTGAGEE.—Consent
by the mortgagor to the possession of the mortgaged property by
the mortgagee may be shown by circumstances as well as by direct
evidence of formal and declared acquiescence.

ID.—PEACEFUL POSSESSION OF MORTGAGEE—EJECTMENT—NECESSITY FOR
PAYMENT OF MORTGAGE DEBT.—If a mortgagee obtain possession in
any peaceful mode, he may retain it against the mortgagor or the
latter's assignee until the mortgage debt is paid; and the mortgagor
may not maintain ejectment against the mortgagee unless the debt
is paid.

ID.—AMENDMENT—SETTING UP STATUTE OF LIMITATIONS—LACK OF AC-
COUNTING.—In such action, it was not an abuse of discretion for
the court to refuse to permit the answer to the complaint in inter-
vention to be amended by pleading the statute of limitations and
setting up the fact that there had been no accounting for the rents
and profits of the mortgaged property, where permission to amend
was not asked until after the cause had been in litigation for
many years and had once been considered on appeal.

FINDING—JUDGMENT—SUFFICIENCY OF EVIDENCE.—Where certain find-
ings sufficient to uphold the judgment as rendered are sustained
by the evidence, it is immaterial that other findings are not so sus-
tained.

ID.—APPEAL — ORDER REFUSING NEW TRIAL — ATTACK ON FINDINGS —
SPECIFICATION OF PARTICULARS.—On an appeal from an order deny-
ing a motion for a new trial, presented on a bill of exceptions, the
sufficiency of the evidence to sustain a finding of the nonpayment
of the mortgaged indebtedness in question cannot be considered if
the specifications of error fail utterly to recite in what particulars
the finding of nonpayment is insufficient.

ID.—ATTACK ON FINDING BECAUSE MERE CONCLUSION OF LAW.—On an
appeal from an order denying a motion for a new trial, a finding

cannot be attacked on the ground that it is not one of fact, but a conclusion of law.

ID.—CONCLUSIONS OF LAW NOT SUPPORTED BY FINDINGS.—The contention that certain conclusions of law are not supported by the findings is not available on an appeal from an order denying a motion for a new trial, there having been no proceedings under the provisions of sections 663 and 663a of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Fresno County denying a motion for a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, for Appellant.

F. H. Short, F. E. Cook, and Carl E. Lindsay, for Respondents.

MELVIN, J.—Plaintiff appeals from an order denying his motion for a new trial.

This is the second appeal in this case, the first having been decided by the district court of appeal of the second district (*Cameron* v. *Ah Quong,* 8 Cal. App. 310, [96 Pac. 1025].) The issues as originally framed and the judgment given are thus set out in the opinion of the district court of appeal:

"Action in ejectment. The plaintiff alleges ownership of the lands in dispute and ouster by the defendant, and prays for restitution of said premises, for damages for withholding the same and for the sum of $1,750 as the value of the rents and profits from January, 1898, to and including a portion of the year 1903.

"The defendant, Ah Quong, answering the complaint, specifically denies the material averments thereof, and then pleads the bar of the statute of limitations.

"Chin Shin intervened, and as a first cause of action sets up title to the lands in dispute by adverse possession, and alleges that the defendant, Ah Quong, holds possession of the same as his tenant; and, as a second cause of action, intervener alleges that he is the owner of two certain mortgages subsisting against the premises, and of which he acquired ownership by purchase from, and assignment by, the respective mortgagees, and that by reason of his said ownership of said mortgages the 'plaintiff is not entitled to the judg-

ment in this action prayed for by him, or to any relief
whatever.'

"The plaintiff interposed an answer to the first cause of
action set out in intervener's complaint, denying in detail
the material allegations thereof, and moved to strike out the
second count in said complaint on the ground, among others,
that it 'does not allege possession or right of possession.' The
court refused to grant the motion to strike out the alleged
second cause of action and the plaintiff made no answer
thereto.

"Upon the issues thus made up, a trial was had and a
judgment rendered that the plaintiff is the owner and entitled
to the possession of the lands in controversy, and that he be
given possession thereof, 'provided that before he shall be
entitled to have actual possession or occupation of said lands
and premises, or any part thereof, or any right to any writ
or process out of this court to place him in possession thereof
he, said plaintiff, shall first pay to said intervener, said Chin
Shin, the full amount of the principal sums and accrued in-
terest due to said intervener under the terms and provisions
of said two mortgages owned by said intervener and as set
forth in the findings of the court herein,' etc."

The original judgment was reversed solely because the
intervener failed to allege possession of the property which
was the subject of the litigation.

When the cause went to the superior court for another trial
the intervener filed his third amended complaint in interven-
tion, in which it was alleged that with the consent of the
mortgagors, the intervener, more than five years prior to the
commencement of this action, entered into and continuously
has since held possession of the land in dispute; that he has
cultivated it; and that he has paid, satisfied, and discharged
all taxes upon it. His pleading contains the further aver-
ment that he held the property under an agreement with the
mortgagors that his possession should remain undisturbed
until the payment and satisfaction of the mortgages, and that
if the said mortgages should not be paid and satisfied, the
intervener should have, hold, and possess for himself the fee
simple to the property.

Like its predecessors, this amended complaint included a
plea of title by adverse possession in the second cause of ac-
tion, and in the setting forth of both causes it was averred

that defendant Ah Quong occupied the premises as the intervener's tenant.

The plaintiff answered the third amended complaint in intervention, denying the allegations therein contained with respect to possession, and making other denials which, as respondent insists, were so ambiguous as not to be real traverses of the averments which they were designed to meet—a contention which we will have occasion to discuss further.

The second trial resulted in a judgment that plaintiff was not entitled to recover any sum whatever against defendant or intervener by way of rents, profits, or damages; that the intervener was entitled to have paid to him the sums of one thousand dollars and two thousand five hundred dollars, with interest, on two certain notes secured by two described mortgages, and that he be maintained in full possession of the property until such payment and all of it be made. It was further adjudged that plaintiff should have and recover possession of the land in controversy provided he should first pay to the intervener the sums of money and interest thereon due under the terms of said mortgages.

Appellant says that the two causes of action pleaded in the third amended complaint in intervention are antagonistic, and that intervener should have been compelled to elect upon which of them he intended to depend. Two motions seeking to have the court require such election were made by appellant. Both were denied by the court and these rulings were correct. The two causes of action which were pleaded were not so antagonistic as to require the intervener to reject one of them before trial or previous to judgment. In the statement of each cause of action the intervener asserted that he had acquired title by adverse possession, but in the second he set forth in detail the manner in which he obtained entrance to the property and maintained his occupancy thereof. He asked for judgment decreeing that he was the owner in fee, but there was an alternative prayer that if plaintiff's right to recovery of the land should be found to exist, the court should impose as a condition to intervener's surrender of the property, the payment by the plaintiff of the amounts due on the notes, secured by the mortgages, and the repayment of the taxes which the intervener had paid. Clearly, the two causes of action arose out of the same transaction, and even if they were antagonistic, the pleading would be gov-

erned by the provisions of section 441 of the Code of Civil Procedure. It is true that the cited section treats of the setting forth of inconsistent defenses, but the same rule has been held to apply to different counts in a complaint. (*Stockton Combined Harvester & Agricultural Works* v. *Glens Falls Ins. Co.*, 121 Cal. 167–171, [53 Pac. 565].) The code also expressly permits the joining of causes of action growing out of the same transaction (Code Civ. Proc., sec. 427, subd. 8), and election will not be ordered by the court in such cases. (*Remy* v. *Olds*, 4 Cal. Unrep. 240, [21 L. R. A. 645, 34 Pac. 216]; *Estrella Vineyard Co.* v. *Butler*, 125 Cal. 232–234, [57 Pac. 980]; *Tanforan* v. *Tanforan*, 173 Cal. 270, [159 Pac. 709–711].)

Appellant asserts that the pleading of intervener's second cause of action is of no validity, because said complaint in intervention does not aver the presentation for allowance to Cameron's executor of a claim, based upon the two mortgages, nor the rejection of such a claim; and because there is no allegation of Annie L. Cameron's death and the qualification of Ashley D. Cameron as executor of her will. The second contention is unsound, because the appellant fully averred his status as an executor in his own pleading by which this action was inaugurated, and it scarcely becomes him to complain of the absence of a similar allegation from the complaint in intervention which in its essence is defensive to appellant's assertion of title in and right to possession of the land. There is no merit in the argument that respondent had no standing as a litigant in such an action as this until and unless he had complied with the provisions of sections 1493 and 1500 of the Code of Civil Procedure. The intervener has not sued for nor has he obtained judgment against the estate of Annie L. Cameron, deceased, upon the promissory notes set forth in his pleadings, nor has he asked or obtained a decree foreclosing the mortgages. On the contrary, the executor of that estate has a judgment against intervener, entitling said executor to possession of the land in controversy when he shall do equity by paying the amounts due on the mortgages. There was no demurrer to the complaint in intervention, and the cause was evidently conducted upon the same theories of the respective litigants as those which appeared in the original trial. Besides, the alleged insufficiency of the complaint may not be considered on an appeal from an order

denying a motion for a new trial. (*Brison* v. *Brison*, 90 Cal. 323, [27 Pac. 186] ; *Bode* v. *Lee*, 102 Cal. 583, [36 Pac. 936] ; *Rauer* v. *Fay*, 128 Cal. 523, [61 Pac. 90] ; *Swift* v. *Occidental Mining & Petroleum Co.*, 141 Cal. 161, [74 Pac. 700] ; *Coburn* v. *California Portland Cement Co.*, 144 Cal. 81, [77 Pac. 771] ; *Sharp* v. *Bowie*, 142 Cal. 462, [76 Pac. 62] ; *Bell* v. *Southern Pacific R. R. Co.*, 144 Cal. 560–562, [77 Pac. 1124].)

Appellant calls special attention to the alleged error in admitting in evidence the purported assignment of the mortgage for one thousand dollars given by M. J. and J. W. Laymance to William Frisbie Lewis. The assignment of this mortgage to Chin Shin bears the name of "William Frisbie Lewis By Irving C. Lewis his attorney in fact." Appellant insists that the assignment was not admissible until after proof of the existence of Irving C. Lewis' power of attorney from William Frisbie Lewis. When the instrument with the assignment was offered this objection was not made. Appellant did object on the ground of irrelevance, etc., and on the further ground "that it does not appear to be an assignment by William Frisbie Lewis. It appears," said counsel, "to be an assignment by William Frisbie Lewis by Irving C. Lewis, his attorney in fact." That is just what it appeared to be, and counsel's objection did not amount to anything more than the statement of an obvious fact. He made no objection based upon failure formally to prove Irving C. Lewis' authority to act as attorney in fact. It did appear, however, that the assignment had been executed and acknowledged in due form before a notary public. Under these circumstances we cannot see that appellant was injured by the court's ruling.

Appellant's counsel discusses in his brief certain alleged errors in connection with the trial of the first cause of action, but as the court found against respondent upon his alleged title by prescription, these matters have become immaterial to the discussion of the pending appeal.

Nor was the appellant injured by the admission in evidence of the power of attorney from respondent to Chin Bock Guy and Chin Kin Yow. After calling attention to the fact that this power of attorney was not used by Chin Bock Guy in leasing the premises to the defendant, Ah Quong, counsel asserts that its admission in evidence was prejudicial error

without explaining why. There was no serious error in its admission.

The court permitted the intervener to read in evidence the transcript of the testimony given at the former trial by Ah Quong. Appellant specifies this as error upon the ground that the proper foundation for the introduction of this testimony was not laid. The only witness upon the subject of Ah Quong's departure was Joe Dun, who, upon direct examination, testified positively that Ah Quong was in China. On cross-examination he said that Ah Quong had departed for China nine years before. Witness admitted that he neither accompanied Ah Quong nor saw him go on board the boat, but was told of his departure. While the proof of the absence of the witness from the state was not very strong, we cannot say that it was entirely insufficient to justify the ruling admitting the testimony. No absolute rule may be stated with reference to the sufficiency of the showing required to justify the introduction of a deposition or of testimony given at a former trial. (13 Cyc. 990.) We cannot say that the court abused its discretion in admitting the testimony upon the proof of absence offered under the authority given by the eighth subdivision of section 1870 of the Code of Civil Procedure.

The substance of appellant's motion for nonsuit, which was denied by the court, was the asserted failure of intervener to show that he was in possession of the property with the consent, approval and knowledge of plaintiff. The motion was properly denied, because the evidence was amply sufficient to show such possession. Intervener was put in possession by Mr. Chapman, one of the mortgagees, in 1895. He took the land as owner and holder of the two mortgages which together with the assignment were of record, and personally or by tenants he held the land openly until the commencement of this action in 1903. Consent of the mortgagor may be shown by circumstances as well as by direct evidence of formal and declared acquiescence, and it was fully proven here. If a mortgagee obtain possession in any peaceful mode, he may retain it against the mortgagor or the latter's assignee until the mortgage debt is paid. (*Cooke* v. *Cooper*, 18 Or. 142, [17 Am. St. Rep. 709, 7 L. R. A. 273, 22 Pac. 945].) And in California it is settled that a mortgagor may not maintain ejectment against his mortgagee unless the debt is paid.

(*Spect* v. *Spect,* 88 Cal. 437–443, [22 Am. St. Rep. 314, 13 L. R. A. 137, 26 Pac. 203] ; *Faxon* v. *All Persons,* 166 Cal. 707–720, [L. R. A. 1916B, 1209, 137 Pac. 919] ; *Raggio* v. *Palmtag,* 155 Cal. 797, [103 Pac. 312].) These and other authorities to the same effect were discussed in the opinion in *Cameron* v. *Ah Quong,* 8 Cal. App. 310, [96 Pac. 1025] (the former appeal in this case decided by the district court of appeal), and the court stated that the evidence appeared clearly to disclose that the equities of the case were decidedly with the intervener. Our examination of this record brings us to the same conclusion.

Appellant's counsel applied during the trial for permission to amend his answer pleading the statute of limitations and setting up the fact that there had been no accounting for the rents and profits of the property. The motion was taken under advisement and was never the subject of a formal ruling by the court. But even if we should regard the court's failure to act as tantamount to a denial of the motion, we cannot say that the court abused its discretion by such denial, because the motion came after the cause had been in litigation for many years and had once been considered on appeal. Section 472 of the Code of Civil Procedure did not give appellant a right to file such an amendment as of course. (*Manha* v. *Union Fertilizer Co.,* 151 Cal. 581, [91 Pac. 393].) There being no pleading by which an accounting of rents and profits by intervener was demanded, it follows that the court did not err by failing to decree such an accounting.

Insufficiency of the evidence to sustain certain of the findings is specified by appellant. Most of them are immaterial findings upon which the judgment does not rest. For example, let us take the findings that the amount of rents and profits from 1898 is not the sum alleged or any other sum, and that the taxes were paid by the intervener. These were not material to the judgment as rendered. While some of the criticised findings may be characterized as "lame and inconclusive," there are clear and sustained findings to uphold the judgment. Such support is sufficient. (*American Nat. Bank* v. *Donnellan,* 170 Cal. 9–15, [148 Pac. 188].)

For the first time on appeal the argument is made that no evidence was offered at the trial regarding the nonpayment of the two mortgages. The complaint in intervention positively alleges nonpayment, and the denial is only upon infor-

mation and belief. The cause was evidently tried upon the theory that the mortgages had not been paid. But appellant may not take advantage of any alleged lack of formal evidence of nonpayment because his specifications of error fail utterly to recite in what particulars the findings of nonpayment are insufficient. (*Heilbron* v. *Kings River etc. Co.,* 76 Cal. 11, [17 Pac. 933]; *Green* v. *Green,* 103 Cal. 108, [37 Pac. 188]; *Parker* v. *Reay,* 76 Cal. 103, [18 Pac. 124]; *Anthony* v. *Jillson,* 83 Cal. 296–299, [23 Pac. 419]; *Wise* v. *Wakefield,* 118 Cal. 107–109, [50 Pac. 310]; *De Molera* v. *Martin,* 120 Cal. 544, [52 Pac. 825].)

There was a finding that in 1899 Chin Shin began an action to foreclose the mortgage for two thousand five hundred dollars; that in 1902 a judgment of dismissal was made and entered therein, but that said judgment was not a final adjudication of the rights of the parties. That there was such an action and that it was dismissed for failure to prosecute and because summons was not served within three years from the commencement thereof were facts appearing in evidence. The finding is attacked, however, as being not one of fact but a conclusion of law. Even if it be conceded that this is a conclusion of law which is improperly labeled a finding, it is not for that reason vulnerable to attack on appeal from an order denying a motion for a new trial.

The contentions that certain conclusions of law are not supported by the findings are not available to plaintiff on this appeal, for he did not proceed under the provisions of sections 663 and 663a of the Code of Civil Procedure. (*Shafer* v. *Lacy,* 121 Cal. 574, [54 Pac. 72]; *Patch* v. *Miller,* 125 Cal. 240, [57 Pac. 986]; *Swift* v. *Occidental Mining & Petroleum Co.,* 141 Cal. 161, [74 Pac. 700].)

The order denying appellant's motion for a new trial is affirmed.

Henshaw, J., and Lorigan, J., concurred.