[Civ. No. 3347. First Appellate District, Division One.—May 25, 1920.]

## H. S. CRAIG, Appellant, v. L. R. GOMES et al., Respondents.

[1] MORTGAGES—MORTGAGEE IN POSSESSION—STATUTE OF LIMITATIONS —PAYMENT OF MORTGAGE DEBT.—Where the mortgagee under a first mortgage, prior to such mortgage being barred by the statute of limitations but after a second mortgage on the property has been executed in favor of the mortgagor under the first mortgage, acquires the legal title to the mortgaged premises and enters into possession thereof, he cannot be ejected or interfered with in any manner by the mortgagor until the mortgage debt is paid, even though his mortgage has become barred.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benj. K. Knight, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. B. Rinehart for Appellant.

Sans & Hudson for Respondents.

KOFORD, J., *pro tem.*—This appeal is on the judgment-roll, and the following statement of facts is taken from the findings:

J. L. Rankin (plaintiff's assignor) and his wife, on July 12, 1913, executed a three thousand dollar mortgage due in one year, 1914, to Lillian R. Higman. This mortgage was assigned by the mortgagee and her successors several times, and came at last, on January 5, 1914, to defendants L. R. Gomes and Mary Gomes, his wife. After the making of said mortgage Rankin and wife transferred or sold the mortgaged premises to James Lomas, his wife, and William R. Orr, and the said grantees either coincidently or later (the findings do not show which) executed to said Rankin a second mortgage on the property for fifteen hundred dollars on May 4, 1914. This is the mortgage which plaintiff, as the assignee of said Rankin and wife, foreclosed in the court below. On September 11, 1916, the Lomases and said Orr, who had purchased from the Rankins as aforesaid,

conveyed the property to defendant L. R. Gomes and Mary Gomes. Thereupon Gomes and wife were the owners of the property, and also the mortgagees in the first mortgage, and the mortgage had not then outlawed. Then on September 29, 1916, Mary Gomes transferred to her husband L. R. Gomes all her interest, both in the property as a part owner, and in the said three thousand dollar mortgage, as mortgagee. The defendant L. R. Gomes has been the owner and in possession ever since the last-named date. It is therefore to be seen that the defendant went into possession before his mortgage outlawed.

This suit by plaintiff to foreclose the second mortgage of fifteen hundred dollars was commenced shortly after the first mortgage had become barred by the statute of limitations. The decree of foreclosure provides that the first mortgage of three thousand dollars, although barred by the statute of limitations, is a first lien and prior to the lien of plaintiff's fifteen hundred dollar mortgage.

The sole question on appeal raised by plaintiff is, that the first mortgage should not have been given a priority over his mortgage on account of its being outlawed.

Plaintiff does not contend that there has been a merger, and merger is not applicable under the facts. (See *Anglo-California Bank* v. *Field,* 146 Cal. 644, [80 Pac. 1080], and 154 Cal. 513, [98 Pac. 267].) He contends for the application of the principle that a junior mortgagee may invoke the aid of the statute of limitations against a prior mortgage, even though the mortgagor of the prior mortgage, as between himself and the mortgagee, may have waived its protection. (*Wood* v. *Goodfellow,* 43 Cal. 185; *California Bank* v. *Brooks,* 126 Cal. 198, [59 Pac. 302]; *Brandenstein* v. *Johnson,* 140 Cal. 29, [73 Pac. 744].)

[1] The defendant contends for the application of the principle that a mortgagee in possession, even though his mortgage becomes barred, cannot be ejected nor interfered with in any manner by the mortgagor until the mortgage debt is paid. (*Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 13 L. R. A. 137, 26 Pac. 203]; *Brandt* v. *Thompson,* 91 Cal. 462, [27 Pac. 763]; *Peshine* v. *Ord,* 119 Cal. 312, [63 Am. St. Rep. 131, 51 Pac. 536]; *Faxon* v. *All Persons,* 166 Cal. 707, [L. R. A. 1916B, 1209, 137 Pac. 919]; *Cameron* v. *Ah Quong,* 175 Cal. 377, 384, [165 Pac. 961].)

We think that this is the correct principle to apply here. Rankin (plaintiff's assignor) is the very man who executed the first mortgage. In morals and equity he should pay it before he is given any judgment which may result in ousting the first mortgagee. The mortgagee in possession went into possession before his mortgage became barred. The second mortgage was executed while the first was a valid subsisting first lien, not barred and not even due.

The cases relied upon by appellant do not deal with a first mortgagee in possession, and their doctrine cannot be extended to a case of this kind in violation of such plain equitable considerations as exist here. While plaintiff here is the assignee of Rankin, he has no greater rights than his assignor. Furthermore, the doctrine of the cases last cited have been extended to the assignee of the original mortgagor, and is not limited to the mortgagor himself. (*Cameron* v. *Ah Quong*, 175 Cal. 377, [165 Pac. 961].)

The judgment, is therefore, affirmed.

Waste, P. J., and Richards, J., concurred.